## SHORT FILMS SYNDICATE CO v
## STANDARD FILM SERVICE CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11160. Decided March 16, 1931

Boer, Arnold & Tobias, Cleveland, for Syndicate Co.

Lawrence M. Rich, Cleveland, for Service Co.

LEVINE, PJ:

The holding of the trial court was to the effect that since it appears that plaintiff was a foreign corporation which has not applied for or procured a certificate to do business in this state, as provided by 173 GC et seq., and 5508 GC, that therefore it is without right to maintain an action in the Ohio courts.

The sections above referred to read as follows:

"Before a foreign corporation for profit transacts business in this state, it shall procure from the secretary of state a certificate that it has complied, with the requirements of law to authorize it to do business in this state, and that the business of such corporation to be transacted in this state, is such as may be lawfully carried on by a corporation, organized under the laws of this state for such or similar business, or if more than one kind of business, by two or more corporations so incorporated for such kinds of business exclusively. No such foreign corporation shall maintain an action in this state without such certificate shall maintain an action in this state upon a contract made by it in this state until it has procured such certificate. This section shall not apply to foreign banking, insurance, building and loan, or bond investment corporations."

### Sec. 187 GC:
"A foreign corporation which has violated such preceding sections shall not maintain an action in this state upon contract made by it in this state, until it has complied with the requirements of such sections and procured the requisite certificate from the secretary of state."

### Sec. 188 GC:
"The preceding five sections shall not apply to foreign insurance, banking, savings and loan, building and loan, or bond investment corporations, or to express, telegraph, telephone, railroad, sleeping car transportation, or other corporations engaged in Ohio in interstate commerce; or to foreign corporations entirely non-resident soliciting business or making sales in this state by correspondence or by traveling salesmen."

### Sec. 5508 GC:
"All foreign corporations, and the officers

and agents thereof, doing business in this state, shall be subjected to all the liabilities and restrictions that are, or may be imposed upon corporations of like character, organized under the laws of this state, and shall have no other or greater powers. Every contract made by or on behalf of any such foreign corporation, affecting the liability thereof or relating to its property within this state, before it shall have complied with the provisions of §178 GC, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

Both sides collected a great many adjudicated cases dealing with the question as to what constitutes "doing business in this state." We are of the opinion that this question is not a question of law but instead is a question of fact. Each one of the adjudicated cases must, therefore, be made to rest upon its own facts and the particular finding of fact made in each of these cases must be held to govern.

The agreed statement of facts upon which this case was submitted to this court discloses:

1. That the contracts in question were duly executed by both plaintiff and defendant.
2. The plaintiff performed fully the terms of the contracts by it to be performed.
3. The defendant owes plaintiff under the terms of said contracts the sum of $11,950.00 with interest from January 1, 1927.
4. The plaintiff is a foreign corporation and has not applied for or obtained any certificate to do business in this state.
5. All of the films leased by the terms of these contracts are now, and some of them were at the time of executing said contracts, in the State of Ohio.

We cannot say, as a matter of law, that the finding of the trial court that plaintiff was doing business within this state, has no basis in law, nor can we say that the conclusion reached by the trial court is manifestly against the weight of the evidence.

Another question raised by counsel for plaintiff in error is: "Does the failure of a foreign corporation doing business within this State, to procure such a certificate, make the contracts in question void, or does it merely prevent plaintiff from proceeding with any action predicated thereon until it has procured such a certificate?"

It sems to us, in view of the language of §5508 GC that some doubt may be entertained concerning its meaning. It reads in part:

"Every contract made by or on behalf of any such foreign corporation, affecting the liability thereof or relating to its property within this state, before it shall have complied with the provisions of §178 GC, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

It may well be argued that since under the terms of this section a contract is enforceable against such foreign corporations, that such contract cannot be regarded as wholly void and we may assume, for the sake of argument that the effect of the various sections referred to is to close our tribunals of justice to such foreign corporations who have not complied with the laws of Ohio when such corporations seek to enforce the liabilities of contracts through the means of our courts.

It seems to us that even adopting such an interpretation as is contended for by plaintiff in error, does not alter the situation in the present case. The trial court, when it appears to it that a foreign corporation has not complied with the laws of Ohio, may well proceed to render judgment as it did because as matters now stand, the contracts are unenforceable.

For the reasons given the judgment of the Common Pleas Court will be affirmed.

Weygandt, J, concurs. (Vickery, J, not participating).