CLARE & FOSTER, INC., APPELLANT, *v.* DIAMOND S. ELECTRIC CO., APPELLEE.

(Decided October 7, 1940.)

*Mr. H. L. Peeke,* for appellant.

*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellee.

CARPENTER, J. This action started in the Municipal Court of Sandusky, which entered judgment for the defendant for the reason that plaintiff is a New York corporation which has failed to obtain a license to do business in Ohio. On appeal and trial *de novo,* the Common Pleas Court entered the same judgment and this appeal on questions of law was perfected.

The defendant filed a motion in the Common Pleas Court to dismiss the appeal to it and claimed such appeal on law and fact did not lie. This motion was overruled, and defendant now urges that the Common Pleas Court did not have jurisdiction of the appeal. Section 1579-253, General Code, a part of the Municipal Court of Sandusky Act, when enacted in 1917, meant what we now call appeal on questions of law and fact and resulted in a trial *de novo. Saslaw* v. *Weiss,* 133 Ohio St., 496, 14 N. E. (2d), 930, construing a similar section in this respect, Section 1579-534, General Code, says it still means that and is not superseded by the Appellate Procedure Act. The Common Pleas Court had jurisdiction and properly overruled the motion to dismiss the appeal.

It is undisputed that the plaintiff was a New York corporation and had not obtained a license to do business in Ohio. This gives rise to the only question in this case, one of fact, whether the plaintiff was "doing business" in Ohio within the meaning of the Foreign Corporation Act, Sections 8625-1 *et seq.,* General Code.

Looking to the contract between the parties which is the basis of this action, it appears that defendant signed and plaintiff accepted an order on one of plaintiff's blanks directing it to send defendant 52

mats and copy for advertising, and agreed to pay the sum sued for "for our right to use the above mats and copy for one year only" in Sandusky. Plaintiff also agreed not to "give anyone else any right to use the above mats and copy in the above specified place, during said period."

Clearly, this was not the sale of a commodity; it was the sale of the right to use certain articles and the service of advertising copy prepared by plaintiff. The title to the articles remained in the plaintiff, and thereby it continued to have an interest in the property as it served defendant in its business in Ohio. The plaintiff sold to defendant a service—an advertising service—much like that in *National Sign Co.* v. *Maccar Cleveland Sales Co.*, 33 Ohio App., 89, 91, 168 N. E., 758. On the same principle is *Short Films Syndicate Co.* v. *Standard Film Service Co.*, 39 Ohio App., 79, 176 N. E., 893.

Thus plaintiff was doing business in Ohio and, under Section 8625-25, General Code, it did not have capacity to maintain this action, and the lower courts did not err in so holding and the judgment below is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.