**DIDACTICS CORPORATION, Plaintiff,**

v.

**The WELCH SCIENTIFIC COMPANY, Defendant.**

**Civ. A. No. C 67–602.**

United States District Court
N. D. Ohio, E. D.

April 5, 1968.

Bruce B. Krost, Woodling, Krost, Granger & Rust, Cleveland, Ohio, for plaintiff; Leonard W. Sherman, Sherman & Shalloway, Washington, D. C., of counsel.

John W. Renner, John C. Oberlin, Oberlin, Maky, Donnelly & Renner, Cleveland, Ohio, for defendant; John D. Dewey, John L. Alex, Greist, Lockwood, Greenawalt & Dewey, Chicago, Ill., of counsel.

## MEMORANDUM

WILLIAM K. THOMAS, District Judge.

Didactics Corporation, an Ohio corporation with its principal place of business in Mansfield, Ohio in this judicial district, seeks declaratory relief against The Welch Scientific Company, an Illinois corporation located in Skokie, Illinois. Defendant Welch moves to dismiss the complaint on three grounds: Lack of personal jurisdiction, improper venue, and insufficient service of process.

Plaintiff Didactics asks a declaration that its teaching machines, as accused by defendant Welch, do not infringe Welch's patents on its teaching machines, and a declaration that Welch's patents are invalid. An injunction is also sought against Welch's continued prosecution, in the Northern District of Illinois, of its infringement action against The Human Engineering Institute, Inc., said to be plaintiff's customer.

The United States Marshal's return of service reports that on August 21, 1967:

in accordance with section 1703.191 of the Ohio General Codes [sic], I served the within named THE WELCH SCIENTIFIC COMPANY, by serving their agent for service of process, The Secretary of the State of Ohio * * *.

The secretary of state advised Welch by telegram on August 22, 1967 of receipt of service of summons in this action. Subsequently, a copy of the summons together with copy of the complaint was forwarded by registered mail to Welch.

Local counsel entered their appearance as counsel for the defendant on September 6, 1967. Two 30-day stipulations were thereafter filed extending the time "within which defendant may answer, move, or otherwise plead." When counsel for the plaintiff refused to join in a further extension, defendant moved the

court for an extension until December 12, 1967 "to answer, move, or otherwise plead to the complaint." On December 11, 1967 defendant Welch filed its motion to dismiss plaintiff's complaint.

Defendant Welch's motion for enlargement of time to December 12, 1967 is granted. The granting of this enlargement preserves the defendant's right to assert lack of personal jurisdiction and improper venue. Only if the 20-day period of time allowed by Rule 12(a), Fed. R.Civ.P. for answer or motion, or any extension of said 20-day period had expired without plaintiff moving or pleading, would a defendant waive his right to attack personal jurisdiction and venue of the action. This is the meaning and effect of Rule 12(h), Fed.R.Civ.P. See Granger v. Kemm, Inc., 250 F.Supp. 644 (E.D.Pa.1966).

Defendant's first two grounds of its motion charge lack of personal jurisdiction and insufficient service of process. These are actually treated by the defendant as one ground. Thus, defendant argues "because of the insufficiency of service * * * this court did not acquire personal jurisdiction of the defendant, The Welch Scientific Company."

▪ Jurisdiction of this court is based on diversity of citizenship of the two corporate parties and that "the matter in controversy * * * arises under the patent laws of the United States." However, neither this latter jurisdictional ground nor the request for a declaration of noninfringement convert this action into one for patent infringement. With jurisdiction principally depending upon diversity of citizenship this declaratory action need not be brought in a judicial district where the defendant "has a regular and established place of business" which Title 28 U.S.C. § 1400 (1964) would command if this were a patent infringement action.

▪ There is no specific federal statute which governs service of process in a declaratory action based on diversity of citizenship. However, the Federal Rules of Civil Procedure, Rule 4(d) (7) authorizes personal service by state stat-

ute. In interpreting a state statute providing for service of process, decisions of the courts of the state control a federal trial court applying the state statute. See Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2 Cir. 1963).

Ohio Revised Code § 1703.191 provides:

Any foreign corporation required to be licensed under sections 1703.01 to 1703.31, inclusive, of the Revised Code, which transacts business in this state without so being licensed, shall be conclusively presumed to have designated the secretary of state as its agent for the service of process in any action against such corporation arising out of acts or omissions of such corporation within this state * * *.

Defendant Welch urges that plaintiff has failed to show that Welch is subject to Ohio Revised Code § 1703.191. It urges "that all activities engaged by Welch in Ohio are *solely interstate commerce.*" Ohio Revised Code § 1703.02 makes Section 1703.191 inapplicable "to corporations engaged in this state solely in interstate commerce."

In support of its claim that its Ohio activities "are solely interstate commerce" defendant Welch points out that "Welch does not own or lease any real estate in Ohio, does not have, nor in any way maintain, an office or place of business in Ohio and does not maintain any telephone listing in Ohio." Further it is urged that "no individual or corporation residing in the Northern District of Ohio or elsewhere in Ohio has authority to contractually bind Welch in a sale of goods to customers in Ohio * * *" and that "sales to customers of Welch in Ohio can only be consummated at the main office of Welch in Skokie, Illinois."

Countering defendant's claims with defendant's answers to interrogatories, plaintiff cites the character and number of the defendant's business transactions in the Northern District of Ohio. In the years 1965, 1966, 1967, and to date in 1968 there were 41 transactions in which Welch has rented its teaching ma-

chines and films to customers in the Northern District of Ohio. It appears that these transactions include the rental of 31 teaching machines and 93 films. In 16 transactions rentals are continuing. Business has been solicited in Ohio by Welch salesmen. One of these salesmen, residing in Columbus, solicits business throughout Ohio, including the Northern District.

It is evident that the defendant has been and is transacting business in this district. Are defendant's business transactions solely interstate in character as the defendant claims?

The teaching machines are manufactured under the Welch patents which plaintiff is accused of infringing. The rental character of the transactions makes it evident that Welch at all times retains title and ownership of its machines and films while these machines and films are being used by its customers in the Northern District of Ohio. Thus, the claimed "sales to customers of Welch in Ohio" are not truly sales. Title is not relinquished when freight is placed on board at Welch's Skokie, Illinois plant. The teaching machines and films are delivered through channels of interstate commerce from defendant's Illinois plant to its customers in Ohio. Yet while the Welch-owned teaching machines and films are being rented and used by an Ohio customer at its location in this district, this part of the transaction is clearly intrastate. The retention of title and ownership in Welch while its machines and films are being used in this district identifies these business transactions as partially intrastate, and not "solely interstate."

Ohio decisions treat the rental of personal property to Ohio citizens by an out-of-state corporation as intrastate business which requires licensing of the non-resident corporation. Short Films Syndicate Co. v. Standard Film Service Co., 39 Ohio App. 79, 176 N.E. 893 (Cuy.Cy.Ct.App.1931); National Sign Co. v. Maccar Cleveland Sales Co., 33 Ohio App. 89, 168 N.E. 758 (Cuy.Cy.Ct. App.1929); Clare & Foster, Inc. v. Diamond S. Electric Co., 66 Ohio App. 376, 34 N.E.2d 284 (Erie Cy.Ct.App.1940).

In Golden Dawn Foods v. Cekuta, 1 Ohio App.2d 464, 467, 205 N.E.2d 121, 124 (Trumbull Cy.Ct.App.1964), on which defendant relies, the court observes that "the testimony reveals simply a sale of goods and merchandise from the Golden Dawn Foods, Inc., to independent retailers in Ohio and Pennsylvania." Also in Local Trademarks, Inc. v. Derrow Motor Sales, Inc., 120 Ohio App. 103, 201 N.E.2d 222 (Defiance Cy.Ct.App.1963), there was a sale rather than rental of goods by an out-of-state company to an Ohio customer. In both cases the courts concluded that the business transacted was interstate, and the foreign corporation need not be licensed. On the facts, both cases are distinguishable from the present case. Indeed, Golden Dawn Foods, supra, 1 Ohio App.2d at 467, 205 N.E.2d at 124, distinguishes *National Sign Co.*, supra, and *Clare & Foster*, supra.

In *National Sign Company*, supra; *Clare & Foster*, supra, and *Short Films Syndicate Co.*, supra, unlicensed foreign corporations were denied access to Ohio courts to sue their Ohio rental customers. Closing the courts was attached as a penalty under a predecessor section to Ohio Revised Code § 1703.29. Similarly here business transactions between an out-of-state (foreign) corporation and Ohio customers involve the rentals of personal property to these customers, rather than sales. A reverse application of these same decisions requires that Ohio Revised Code § 1703.191 be construed to permit substituted service on an unlicensed foreign corporation but only if the present action arises "out of acts or omissions of such corporations within this state."

Should an Ohio customer of defendant Welch sue defendant Welch in an Ohio court because of an act or omission of Welch in connection with the rental of a Welch teaching machine or film, substituted service upon Welch pursuant to Ohio Revised Code § 1703.191 would only be permissible if the act or omis-

sion of the corporation, through its agent or employee, physically occurred "within this state." This is deemed to be the reasonable meaning and effect of the phrase "within this state." No Ohio court has construed the term. Equally true, the present declaratory action to be subject to Ohio Revised Code § 1703.191 should be based on "acts or omissions" of the corporation committed physically "within this state" by some Welch employee or agent. No such claim is made in the complaint nor does the record reveal such act or omission.

■ Since the subject matter of this declaratory action apparently does not arise out of the acts of any Welch employee or agent performed within the Northern District the requirement of Ohio Revised Code § 1703.191 is not satisfied. However, the substituted service upon the Secretary of State need not depend alone upon Ohio Revised Code § 1703.191. The Ohio long-arm statute, Ohio Revised Code § 2307.381 through § 2307.385, also permits substituted service upon the Secretary of State. The service and return was made under Ohio Revised Code § 1703.191. Yet the substituted service accomplished by the Secretary of State upon defendant Welch also meets the requirements of Ohio Revised Code § 2307.383. The applicability of the Ohio long-arm statute therefore will be considered. An oral hearing dealt with this question posed to counsel by court letter.

Ohio Revised Code § 2307.382 in part provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

[Five other subparagraphs follow believed not to be pertinent.]

Subsection (B) then completes Section 2307.382 by stating "when jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." These provisions of Ohio's long-arm statute are not restricted, as is Ohio Revised Code § 1703.191, by the requirement that the action arise from "acts or omissions" of a corporation physically committed by its employees or agents "within this state." Instead, Ohio Revised Code § 2307.382 provides for the exercise of per-. sonal jurisdiction over a person when the cause of action, among other things, involves the person "transacting any business in this state" or "contracting to supply services or goods in this state." The purpose of state long-arm statutes is "to exploit to the maximum the fullest permissible reach under federal constitutional restraints." Lone Star Motor Import Inc. v. Citroen Cars Corp., 288 F.2d 69 (5 Cir. 1961); Note, "The Growth of the Long Arm," Univ. of Ill.Law Forum 533, at 565 (1963); Note, "Virginia Long Arm Statute," 51 Va.Law Rev. 719, at 743 (1965).

■ Similarly, the reach of Ohio's long-arm statute is construed to co-extend with the due process requirements of the federal constitution's fourteenth amendment. International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057 (1945) states:

due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." [cases cited].

■ Thus construed Ohio's long-arm statute will be applied. Using a previous illustration, assume that an Ohio customer of defendant Welch were to bring suit against defendant Welch in an Ohio court because Welch allegedly breached its contract to supply a teaching machine and film to the Ohio customer. This single transacting of busi-

ness in this state might well be a sufficient contact between Welch and Ohio to constitutionally permit the Ohio customer's suit against Welch growing out of that transaction. Due process requirements would be satisfied. See McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Co-extensive with due process limits in its scope, the Ohio long-arm statute in the Ohio customer's action would permit a substituted service upon Welch pursuant to Ohio Revised Code § 2307.383.

Presently we are not dealing with a case involving a single business transaction. Instead, Welch has engaged in numerous business transactions in this district, 41 in number during the past several years. Defendant Welch has procured this business through the solicitation of its Ohio salesman. Assuming that "solicitation plus" is needed to satisfy due process requirements (see Long v. Victor Prods. Corp., 297 F.2d 577 (8th Cir. 1961); MacInnes, et al v. Fontainebleau Hotel Corp., 257 F.2d 832 (2d Cir. 1958)) more than mere solicitation has here occurred. Each Welch transaction involves a contract to supply to Ohio customers Welch-owned teaching machines or films or both types of goods. Presumably at the completion of the transaction each teaching machine and film is returnable to Welch. The substantial quantity of these continuing transactions in this district, and the quality of these contacts of Welch with this district, due to Welch's goods being rented and used in this district, rather than sold, supply two of the primary factors deemed essential to satisfy due process requirements. See Aftanese v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965).

*Aftanese*, supra, 343 F.2d at 197 lists as a third primary factor the "source and connection of the cause of action with those contacts." In view of the extensive and sustained contacts of Welch in this district, due process does not additionally require that the plaintiff's declaratory cause of action necessarily arise out of a particular Welch rental transaction in this state. To allow substituted service on Welch it is concluded that it is enough that the cause of action is generally connected with the goods that Welch has rented for use in this state. Welch teaching machines and films have been and are physically present, and continuously have been and are being used by Ohio customers in this district. These teaching machines are manufactured pursuant to the patents which underlie the subject matter of this declaratory action. Bringing the controversy to focus defendant Welch has written a letter to the plaintiff in Mansfield which accuses the plaintiff of infringement of these patents. Defendant's accusation supplements and illustrates the connection between plaintiff's declaratory action and Welch's patented teaching machines in use in this district. Construed to its full constitutional limits Ohio's long-arm statute may be employed by the plaintiff to secure personal jurisdiction of the defendant in this declaratory action.

Acquisition of personal jurisdiction by means of state long-arm service of process on non-resident patent owners has recently been upheld where the cause of action is only generally connected with the defendant's contacts in the district. Japan Gas Lighter Ass'n v. Ronson Corp., 257 F.Supp. 219 (D.N.J.1966), approved substituted service in an action which sought a declaration of non-infringement and invalidity of foreign patents whose licensee Ronson resided in the district. Olin Mathieson Chemical Corp. v. Molins Organizations Ltd., 261 F.Supp. 436 (E.D.Va.1966), an action for patent infringement, upheld substituted service under the Virginia long-arm statute (identical to Ohio's long-arm statute).

Accordingly, it is determined that the substituted service on defendant Welch, accomplished through the Secretary of State, complies with Ohio Revised Code § 2307.383; and personal jurisdiction of defendant Welch in this declaratory action has thereby been obtained.

Defendant Welch also moves to dismiss on the ground of improper venue. Plaintiff claims venue under Title 28 U.S.C. § 1391(c) (1964). Venue lies under this section "in a declaratory judgment action alleging invalidity and noninfringement." General Tire & Rubber Co. v. Watkins, 326 F.2d 926, 929 (4th Cir. 1964). Houston Fearless Corp. v. Teter, 318 F.2d 822, at 825 (10th Cir. 1963) holds that the test of "doing business" as used in 28 U.S.C. § 1391(c) (1964) "is the same for that purpose as it is for determining whether a corporation is amenable to service of process." Adopting that rule, it is determined that the previous finding of defendant Welch's amenability to substituted service under Ohio's long-arm statute also satisfies the "doing business" venue requirement of 28 U.S.C. § 1391(c) (1964). As in Houston, supra, the business activities of Welch in this district have been substantial, continuous, and regular as distinguished from casual, single, or isolated.

Title 28 U.S.C. § 1391(b) (Supp. II 1965–66), as amended November 2, 1966 provides that:

> a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district * * * in which the claim arose * * *.

The connection between plaintiff's declaratory action and the presence of defendant's patented teaching machines in this district has previously been indicated. These same facts justify the conclusion that the present declaratory cause of action arose in this district.

The claim of improper venue, therefore, cannot be sustained. The defendant's motion to dismiss is overruled.

There is also pending in this court plaintiff's motion to enjoin defendant from prosecuting patent infringement actions against plaintiff's customers. Reference is made to the case of The Welch Scientific Co. v. The Human Engineering Institute, Inc., Civil No. C 67–1267 (N.D.Ill.E.D.). The oral hearing reiterated the fact that there is still pending a motion to dismiss filed by defendant Human Engineering Institute. Until that motion is resolved it is deemed premature to consider and determine plaintiff Didactic's requested injunction. Should the motion to dismiss the Chicago infringement action be denied there would be time enough to consider the implications and complications of actions simultaneously pending in the Northern District of Illinois and the Northern District of Ohio which involve the same Welch teaching machine patents. In such an event the possibility of transfer of venue between districts of one action or the other pursuant to Title 28 U.S.C. § 1404(a) (1964) should be given careful consideration. Therefore, insofar as plaintiff's motion to enjoin involves a request for temporary relief the motion is denied. The motion may continue to pend as a motion seeking a permanent injunction.