SCHATEL, APPELLANT, *v.* WEITZ ET AL., APPELLEES.

[Cite as Schatel v. Weitz (1974), 40 Ohio App. 2d 95.]

(No. 33151—Decided July 5, 1974.)

*Mr. S. E. Stein,* for appellant.

*Mr. D. N. Benesh* and *Ms. Sylvia A. Zeiger,* for appellees.

## I.

JACKSON, J. Plaintiff, George D. Schatel, and defendant, Lenore G. Weitz, were divorced on April 18, 1969, in Cuyahoga County Common Pleas Court. Plaintiff was awarded custody of the three minor children of the mar-

riage. On November 24, 1971, plaintiff permitted one of these children, Michael, then 11½ years old, to travel to Atlanta, Georgia, to be with his mother, Lenore Weitz, for the Thanksgiving holidays. After this holiday period Lenore Weitz did not return Michael to his father in Ohio, but rather, obtained an order from a Georgia court granting custody of Michael to her. The custody dispute was then carried to the courts of this state. A judgment of the Cuyahoga County Common Pleas Court declaring the Georgia custody order void, and finding Lenore Weitz in contempt of court until such time as she returned Michael to the custody of his father, was affirmed by this Eighth District Court of Appeals on March 8, 1973, Case No. 31812.

On March 18, 1973, plaintiff filed the present action in Cuyahoga County Common Pleas Court, naming as defendants, Lenore Weitz and the law firm of Nall, Miller & Cadenhead of Atlanta, Georgia. Plaintiff alleged that the defendants had fraudulently obtained the Georgia court order restraining him from removing his son from Georgia, and demanded recovery of his out-of-pocket expenses in regaining the custody of his son in the amount of $3,500 and punitive damages in the amount of $100,000.

Both defendants were served in Georgia by means of certified mail. The defendants, without entering an appearance in the action, filed separate motions to dismiss for lack of personal jursdiction, in accordance with Rule 12(B)(2) of the Ohio Rules of Civil Procedure. The defendants' motions to dismiss were granted on October 23, 1973. Plaintiff then filed this appeal, assigning two errors:

"First Assignment of Error

"The Court of Common Pleas may exercise jurisdic tion in personam over Lenore G. Weitz.

"Second Assignment of Error

"The Court of Common Pleas may exercise jurisdiction in personam over Nall, Miller and Cadenhead."

The two assignments of error present common questions of law and fact, and are therefore considered and ruled upon together.

The due process clause of the Fourteenth Amendment is violated where a court renders a personal judgment

against a nonresident defendant without having secured *in personam* jurisdiction over the defendant. *Pennoyer* v. *Neff* (1877), 95 U. S. 714.

The due process clause requires, in order to subject a nonresident defendant to an *in personam* judgment, that the defendants have only certain "minimum contacts" with the forum state. *International Shoe Co.* v. *Washington* (1945), 326 U. S. 310.

In the enactment of long arm statutes, a state may choose not to extend its jurisdiction over nonresidents to the full scope permitted by the due process clause. A state may not, of course, enact long arm legislation which exceeds the limitations inherent in the due process clause. *Hanson* v. *Denckla* (1958), 357 U. S. 235; Annot. 24 A. L. R. 3d 532 (1969).

The eight subsections of Rule 4.3(A) of the Ohio Rules of Civil Procedure set out the "minimum contacts" sufficient to vest Ohio courts with long arm jurisdiction over nonresident defendants. The full text of Rule 4.3(A) is set out below:

"Rule 4.3

"PROCESS: OUT-OF-STATE SERVICE

"(A) When service permitted. Service of process may be made outside of this state, as provided herein, in any action in this state, upon a person who at the time of service of process is a nonresident of this state or is a resident of this state who is absent from this state. The term 'person' includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

"(1) Transacting any business in this state;

"(2) Contracting to supply services or goods in this state;

"(3) Causing tortious injury by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle or aircraft in this state;

"(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;

"(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

"(6) Having an interest in, using, or possessing real property in this state;

"(7) Contracting to insure any person, property, or risk located within this state at the time of contracting;

"(8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as, to all obligations arising for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state."

The question presented by this appeal is whether defendants Lenore Weitz and/or the law firm of Nall, Miller & Cadenhead had sufficient minimum contacts with the State of Ohio so that these defendants were subject to out-of-state service of process under Rule 4.3(A). In deciding this question, we are guided by the express language of Rule 4.3(A). The due process clause of the Fourteenth Amendment to the Federal Constitution is adopted as the outer limit to which Rule 4.3(A) may reach in acquiring jurisdiction over nonresident defendants. *See Didactics Corp.* v. *Welch Scientific Co.* (1968, D. C. Ohio), 291 F. Supp. 890.

The record reveals that the defendant, Lenore Weitz, performed the following acts or omissions out of which the claim for this suit arose:

(1) Sent round-trip airline tickets (Atlanta-Cleveland) to her son, Michael, in Cleveland, Ohio, with the under-

standing that Michael was to return to Cleveland in four days. *See Schatel* v. *Schatel*, Eighth District Court of Appeals, Case No. 31812 (March 8, 1973).

(2) Did not return Michael to Cleveland, Ohio, after four days.

(3) Secured a temporary restraining order in Fulton County Georgia, enjoining plaintiff from removing Michael from that county.

(4) Secured a Georgia court order awarding custody of Michael to her.

(5) Filed and tried an action in Common Pleas Court of Cuyahoga County, Ohio, to acquire custody of Michael.

(6) Appealed, in Cuyahoga County Court of Appeals, a decision of the Cuyahoga County Common Pleas Court finding her in contempt and ordering her to return custody of Michael to his father.

Defendant Lenore Weitz therefore had more than the "minimum contacts" with this state required by the due process clause of the Federal Constitution.

Events Nos. 1, 2, 5 and 6 above are acts or omissions in this state which plaintiff claims were part of a fraudulent scheme that caused him tortious injury. Defendant Lenore Weitz is, therefore, subject to service of process by virtue of Civil Rule 4.3(A)(3), *supra.*

The judgment of the trial court dismissing the complaint against defendant, Lenore Weitz, for lack of personal jurisdiction is, therefore, reversed. In so ruling, this court does not pass judgment on the merits of plaintiff's claim.

## II.

Plaintiff contends that the defendants law firm, Nall, Miller & Cadenhead, transacted business in this state, and was consequently subject to long arm jurisdiction by virtue of Civil Rule 4.3(A)(1), *supra.* This contention is not supported by the record.

Plaintiff points to a single affidavit as the sole evidence that the defendant law firm transacted business in this state. The only connection which Nall, Miller & Cadenhead had with this affidavit was that the affiant was Samuel

A. Miller, a member of the defendant law firm. In the affidavit Attorney Miller declares that his law firm represented Lenore Weitz in Georgia litigation concerning Mrs. Weitz' rights to the custody of her son, Michael, and that Mrs. Weitz had every respect for the courts of Cuyahoga County, Ohio. The affidavit was filed in Cuyahoga County Common Pleas Court by a Cleveland attorney representing Mrs. Weitz in the custody dispute and contempt action. The defendant law firm did not act as legal counsel in this action. In fact, there is absolutely no evidence before this court indicating that any member of Nall, Miller & Cadenhead is even licensed to practice law in Ohio.

This court is aware of recent decisions recognizing that a single act having sufficient impact within the forum state may satisfy the "minimum contacts" requirement for long arm jurisdiction. *See generally* Annot. 27 A. L. R. 3d 397, *Jurisdiction Over Nonresident* (1969) at 501; Annot. 24 A. L. R. 3rd 532, *Jurisdiction-Nonresidents-Torts* (1969) at 549. However, an attorney who, in another state, has sworn to and subscribed his own affidavit, and has forwarded this affidavit to an Ohio attorney for use in a case wherein the affiant's law firm is not acting as legal counsel, has not transacted any business in this state. Consequently, the motion to dismiss for lack of personal jurisdiction was properly granted as to the defendant law firm, Nall, Miller & Cadenhead.

Accordingly, the judgment of the Common Pleas Court is affirmed in part and reversed in part. We affirm the judgment with respect to defendant law firm, Nall, Miller & Cadenhead, and reverse the judgment for defendant, Lenore G. Weitz, and remand for further proceedings against defendant Weitz, only.

*Judgment reversed in part and affirmed in part.*

Day and Corrigan, JJ., concur.