CITY OF SPRINGFIELD, Appellant,

v.

ALL AMERICAN FOOD SPECIALISTS, INC., Appellee.

[Cite as *Springfield v. All Am. Food Specialists, Inc.* (1993), 85 Ohio App.3d 464.]

Court of Appeals of Ohio,
Clark County.

No. 3002.

Decided March 26, 1993.

GRADY, Presiding Judge.

The city of Springfield appeals from a judgment of the trial court holding that the city cannot require defendant All American Food Specialties, Inc. to withhold monies from the paychecks of certain of its employees who owe income tax to the city of Springfield. The employees concerned work for the defendant at a facility outside the city's corporate limits, but owe the tax because they reside within the city.

This action was commenced by the city of Springfield as a complaint on an account. It alleged that defendant All American Food owed the city $2,769.43, representing taxes, penalties, and interest due the city for All American Food's failure to withhold taxes in 1985 from the wages of the employees concerned. All American Food answered, setting up several affirmative defenses.

The case was tried to the court on stipulations of fact. The following facts were stipulated: Defendant All American Food is an Ohio corporation which provides dietary services to twenty-two nursing homes within the state of Ohio. The preparation of food is performed by defendant's employees working on-site at various nursing home facilities. Defendant's employees provided dietary services throughout 1985 at two nursing homes located in the Springfield, Ohio area. One, Hope House, is located within the corporate limits of the city of Springfield, while the other, Sunnyland Villa, is located outside the city's corporate limits.

By entry filed October 26, 1992, the trial court found that the city of Springfield may not compel All American Food to withhold city income tax from the paychecks of city residents who work for defendant at Sunnyland Villa. The trial court applied a benefits-burdens test and reasoned that because All American Food does not receive city protections and services at the employment site beyond the city's territorial limits, the city may not compel it to withhold municipal income taxes from city residents who work there.

The city of Springfield has filed a timely appeal from the judgment of the trial court. Its sole assignment of error states:

"The trial court erred in holding that city's police power regulation, requiring defendant to withhold municipal income taxes from all defendant's employees subject to municipal income tax, is violative of defendant's right to due process to the extent city's regulation requires defendant to withhold the municipal income tax from defendant's employees working at a site outside the city."

The benefits-burden analysis employed by the trial court is used to determine whether the power to tax has been validly exercised. See *Wisconsin v. J.C. Penney Co.* (1940), 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267. It weighs the tax burden against the benefits conferred by the state on the taxpayer, and its focus is due process of law. *Id.*

Both appellant city of Springfield and appellee All American Food, as well as *amicus* University of Dayton School of Law, agree that the regulation concerned here is not an exercise of the city's power to tax but an exercise of its police power. We agree.

A tax constitutes a taking of property. Imposition of the tax by the city on its residents is a taking from them. Imposition of a duty on the taxpayer's employer

to act as a collection agent for the city does not constitute a taking from the employer. It is a regulation enacted pursuant to the city's police power. Therefore, use of the benefits-burden test to determine its validity is misplaced. The trial court should have applied the tests to determine its validity as an exercise of the city's police power.

The police power includes the power to enact laws designed to promote the health, morals, peace, and welfare of the community. *Froelich v. Cleveland* (1919), 99 Ohio St. 376, 124 N.E. 212. For an exercise of a municipality's police power to be valid, the regulation must not be arbitrary, discriminatory, capricious, or unreasonable, and must bear a real and substantial relationship to the health, safety, morals or general welfare of the public. *Cincinnati v. Correll* (1943), 141 Ohio St. 535, 26 O.O. 116, 49 N.E.2d 412.

An entity is subject to a legitimate exercise of a municipality's police power when it does business within that municipality. *State v. Brown* (1965), 1 Ohio St.2d 121, 30 O.O.2d 478, 205 N.E.2d 377. Entities that contract to provide a service within a jurisdiction are "doing business" within the jurisdiction where the service is provided. *Clare & Foster, Inc. v. Diamond S. Elec. Co.* (1940), 66 Ohio App. 376, 20 O.O. 252, 34 N.E.2d 284. A requirement that a business withhold tax payments from the wages of its employees who owe the tax is a reasonable exercise of the police power. *Reynolds, Inc. v. Mahin* (1970), 47 Ill.2d 323, 265 N.E.2d 640.

The particular ordinance the city would enforce is Section 195.06 of its Codified Ordinances, which is titled "Collection at source." In 1985 it provided, in pertinent part:

"Each employer within or doing business within the City who employs one or more persons on a salary, wage, commission or other compensation basis shall deduct at the time of the payment of such salary, wage, commission, or other compensation, the tax of two and one half per centum (2.5%) of the gross salaries, wages, commissions or other compensation due by the said employer to said employee and shall, on or before the last day of the month following the close of each calendar quarter make a return and pay to the Commissioner of Taxation the amount of taxes so deducted. Said return shall be on a form or forms prescribed by or acceptable to the Commissioner of Taxation and shall be subject to the rules and regulations prescribed therefor by the Commissioner of Taxation."

A fundamental power of government is the power to raise revenue. *Angell v. Toledo* (1950), 153 Ohio St. 179, 41 O.O. 217, 91 N.E.2d 250. In Ohio, municipalities are authorized to exercise the powers of government by Article XVIII of the

Ohio Constitution, which was adopted in 1912 and is known as the "Home Rule Amendment." Two of its sections are relevant to our inquiry.

Section 13, Article XVIII provides that laws may be passed to limit the power of municipalities to levy taxes. The General Assembly has done so through the provisions of R.C. Chapter 718, which permits the imposition of a municipal income tax, provides for rates and defines the income subject to the tax. The tax may be imposed on residents of the municipality and all nonresidents who earn income within its geographic boundaries. *Thompson v. Cincinnati* (1965), 2 Ohio St.2d 292, 31 O.O.2d 563, 208 N.E.2d 747. It may also be imposed on business income generated within the boundaries of the municipality. See R.C. 718.02. A municipality that adopts an income tax is authorized to collect it at the source of the income concerned by requiring the taxpayer's employer to deduct it from his wages and remit it to the municipality. *Angell v. Toledo, supra.*

Section 3, Article XVIII provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce *within their limits* such local *police*, sanitary and other similar regulations, as are not in conflict with general laws." (Emphasis supplied.)

The words of the section appearing "[a]fter the word 'self-government' represent not a grant of legislative power but a limitation upon the legislative power granted by the words up to and including the word 'self-government.'" *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854, paragraph three of the syllabus. That limitation restricts the nature of the power conferred as well as its reach, confining it to uses within the territorial limits of the municipality:

"Municipalities in Ohio have only such powers as are conferred upon them, either directly by the Constitution, or by the Legislature under authority of the Constitution. While the home-rule provisions of the Ohio Constitution, found in Article XVIII, confer certain powers upon municipalities, and while the provisions of that article are self-executing, *the provisions of that article do not confer any extra-territorial authority. The direct authority given by that article is expressly limited to the exercise of powers within the municipality.*" (Emphasis supplied). *Prudential Co–Operative Realty Co. v. Youngstown* (1928), 118 Ohio St. 204, 207, 160 N.E. 695, 696.

In *Angell v. Toledo, supra,* the taxpayer was not a resident of the municipality, but he was employed within its territorial limits. Thus, the "source" of his tax liability was located within the municipality and the municipality was authorized, in the exercise of its police powers, to require his employer to collect it there.

Here, the tax liability results from the employee's residence in the city, but the "source" of his income subject to the tax is employment at a site outside the city's territorial limits.

█ Appellant and *amicus* argue that because appellee's business operations at another nursing home within the city subjects it to the city's police power, the city may apply its regulation to require appellee to collect the tax owed by its employees wherever the tax liability is generated, including from a source outside the city's territorial limits. We do not agree.

Regulations may be imposed to accomplish any just object of government. *Clark v. Cincinnati* (1954), 99 Ohio App. 152, 58 O.O. 265, 131 N.E.2d 599. The raising of revenue to fund the city's services is such an object. Regulations imposed to further and perfect that process are appropriate to it. Withholding requirements of the kind concerned here are, in their nature and purpose, a proper exercise of the police power. Nevertheless, the authority granted to municipalities by Section 3, Article XVIII to make such regulations is self-limiting. The reach of that authority stops at the territorial limits of the municipality that elects to exercise it. The impediment to its exercise in this case is not in its reasonableness but in its extension to objects beyond its reach. This limitation on the exercise of the police power by Ohio municipalities is *sui generis* to Section 3, Article XVIII, the source of the power.

We conclude that the police power conferred on the city of Springfield by Section 3, Article XVIII of the Ohio Constitution does not authorize the city to enforce Section 195.06 of its Codified Ordinances to require employers to collect tax payments at a source located outside the territorial limits of the city. This rule applies notwithstanding the fact that the employer also or otherwise does business within the territorial limits of the city of Springfield.

█ The territorial limitations of Section 3, Article XVIII may be overcome, and the city may exercise a power of local self-government beyond its territorial limits, if such extension is expressly granted by statute. *Prudential Co–Operative Realty Co., supra.* See, also, *Beechwood v. Cuyahoga Cty. Bd. of Elections* (1958), 167 Ohio St. 369, 5 O.O.2d 6, 148 N.E.2d 921; *Britt v. Columbus* (1974), 38 Ohio St.2d 1, 67 O.O.2d 1, 309 N.E.2d 412. The city has failed to point us to a statute that would permit it to require an employer to collect a tax at a source outside the city's territory. Neither can we find one. Therefore, we conclude that the city does not possess the authority by legislative grant.

We find that the trial court did not err by holding that the city lacked the power to compel All American Food to withhold city income tax from the paychecks of city residents who work outside the territory of the city of Springfield, as we reach the same conclusion, albeit on different grounds. As the

trial court stated in its order, the city has an alternative method for collection of this tax by virtue of its requirement that city residents file income tax returns.

The city's sole assignment of error is overruled.

Having overruled the city's sole assignment of error, we will affirm the order of the trial court.

*Judgment affirmed.*

BROGAN, J., concurs.

FAIN, J., dissents.

FAIN, Judge, dissenting.

I would reverse the judgment of the trial court.

In my view, there is nothing extraterritorial about the exercise of the police power represented by Springfield's withholding requirement. All American Food is an employer doing business within Springfield, and the employees in question are residents of Springfield. The withholding requirements are the functional equivalent of a garnishment of the resident-employee's wages at the time that the tax is imposed, as opposed to sometime later, after the tax liability has been reduced to judgment.

There seems to be no question that Springfield could garnish its resident-employee's wages due from a Springfield employer to pay a tax properly imposed, and I see no reason why it cannot adopt a withholding requirement to accomplish the same purpose.

As I understand Springfield's municipal income tax, it is imposed upon a resident regardless of where he performs the services for which he is being paid. The place of performance of the services is immaterial to the imposition of the tax, although the imposition of a tax by some other municipality where the services are being performed may result in a credit against Springfield's tax.

In my view, the material facts are that Springfield has imposed a tax upon a resident and proposes to collect that tax through the mechanism of a withholding requirement imposed upon the resident's employer doing business in Springfield. I see nothing extraterritorial in these facts. Accordingly, I would reverse the judgment of the trial court and remand this cause for further proceedings.