[Cite as *Cleveland v. Amazing Tickets, Inc.*, 2013-Ohio-4911.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99482

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## AMAZING TICKETS, INC.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2011 CVH 17543

**BEFORE:** Jones, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
The Carr Law Firm
1392 S.O.M. Center Road
Mayfield Hts., Ohio 44124


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Law Director

BY:   Lewis J. Dolezal
Assistant Law Director
City of Cleveland
601 Lakeside Avenue
Room 122
Cleveland, Ohio 44114

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant Amazing Tickets, Inc. appeals from two January 9, 2013 judgments entered by the trial court: one denying defendant's motion to vacate, and the other denying defendant's motion to dismiss. We affirm in part and reverse in part.

## I. Procedural History and Facts

**{¶2}** In September 2011, plaintiff-appellee the city of Cleveland filed a petition for injunctive relief in Cleveland Municipal Court. The city, through its commissioner of assessments and licenses, sought an order compelling Amazing Tickets and Mark Klang, the alleged registrant of Amazing Tickets, to produce to the city "all documents responsive to the Commissioner's administrative subpoena dated March 22, 2011."

**{¶3}** The petition alleged that Amazing Tickets was a for-profit corporation that, through a website, offered admission tickets to sporting events, many of which take place in the city of Cleveland. "Of concern" to the city were "transactions that occur between ticket holders and purchasers at prices exceeding the face value of the tickets originally established by the event sponsors."

**{¶4}** Under the Codified Ordinances of the City of Cleveland, sellers of tickets must remit to the city eight percent of the amount paid in excess of the established face value of the tickets. Cleveland Codified Ordinances 195.02(b). On March 22, 2011, believing that Amazing Tickets and Klang "had knowledge of certain facts relevant to the transactions that occurred by way of [their] website," the commissioner served Amazing Tickets and Klang with a subpoena, requesting information relevant to the admissions tax ordinance. The city requested that the documents be provided to it by April 21, 2011.

{¶5} The city alleged in its petition that it received a letter from Amazing Tickets and Klang, through counsel, dated May 2, 2011, stating that they would not be responding to the subpoena. Thus, on September 28, 2011, the city filed its petition for injunctive relief, seeking an order requiring Amazing Tickets and Klang to comply with the subpoena. The city requested that bailiff service be issued for service on Amazing Tickets and Klang.

{¶6} On October 7, 2011, the trial court issued a judgment granting the city's petition for injunctive relief, and ordering Amazing Tickets and Klang to produce the requested documentation within 21 days.

{¶7} The next two entries on the docket, the first dated October 18, 2011, and the second dated October 20, 2011, are for "unsuccessful service" of the petition on Klang and Amazing Tickets, respectively.

{¶8} The next entry on the docket, dated December 16, 2011, is Amazing Tickets' motion to vacate. With the exception of two notices of deposition being filed, both on February 21, 2012, no activity occurred until July 2012, when a notice that a hearing on the motion to vacate would be held on August 15, 2012. Under "Result," the docket indicates "hearing held."

{¶9} On the same date that the hearing was held, August 15, Amazing Tickets filed a motion to dismiss, which the city opposed on August 29, 2012. The next activity on the case occurred on January 9, 2013, when the trial court denied both Amazing Tickets'

motion to vacate and motion to dismiss.[1]

**{¶10}** Amazing Tickets'[2] two assignments of error read:

[I.] The Trial Court erred when it denied Appellant's Motion to Vacate Order; as the Order is void.

[II.] The Trial Court erred when it denied Appellant's Motion to Dismiss.

## II. Law and Analysis

**{¶11}** For its first assigned error, Amazing Tickets contends that the trial court erred in denying its motion to vacate the October 7, 2011 judgment, wherein it granted the city's petition for injunctive relief and ordered Amazing Tickets to comply with the city's subpoena. Amazing Tickets contends that because it had not been served with the city's petition at the time the trial court entered its judgment, the judgment was void. We agree.

**{¶12}** "[A] court lacks jurisdiction to enter judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. * * * Thus, if service of process was improper, the judgment is void and may be set aside at any time pursuant to the court's inherent powers." (Citations omitted.) *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995). This court has followed *Rite Rug* numerous times.[3]

---

[1] The docket only reflects the judgment denying the motion to dismiss, however; it should therefore be corrected on remand.

[2] Klang did not appeal.

[3] *See, e.g., Chilcote v. Kugelman,* 8th Dist. Cuyahoga No. 99873, 2013-Ohio-1896; *In re*

{¶13} The city contends that Amazing Tickets was served on November 9, 2011, and December 21, 2011, and was afforded an opportunity to be heard at the August 15, 2012 hearing. All that may be true, but at the time the trial court issued its October 7, 2011 judgment, Amazing Tickets had not been served. Further, there is no indication that at the time of the judgment Amazing Tickets had appeared in the case or otherwise waived service. Thus, the judgment should have been set aside as void.

{¶14} In light of the above, the first assignment of error is sustained.

{¶15} For its second assigned error, Amazing Tickets contends that the trial court erred in denying its motion to dismiss. According to Amazing Tickets, the municipal court did not have jurisdiction over the matter. We disagree.

{¶16} R.C. 1901.18(B) governs jurisdiction of the Cleveland Municipal Court and provides that the court has jurisdiction in part as follows:

> In all actions for injunction to prevent or terminate violations of the ordinances and regulations of the city of Cleveland enacted or promulgated under the police power of the city of Cleveland, pursuant to Section 3 of Article XVIII, Ohio Constitution, over which the court of common pleas has or may have jurisdiction, and, in those actions, the court may proceed to render judgments and make findings and orders in the same manner and to the same extent as in similar actions in the court of common pleas.

*M.A.H,* 8th Dist. Cuyahoga No. 97963, 2012-Ohio-2318; *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885 (8th Dist.); *Royal Am. Mgt. Corp. v. Blackmon*, 8th Dist. Cuyahoga No. 76705, 2000 Ohio App. LEXIS 3157 (July 13, 2000); *McElrath v. McElrath*, 8th Dist. Cuyahoga No. 75177, 1999 Ohio App. LEXIS 5566 (Nov. 24, 1999); *In re White*, 8th Dist. Cuyahoga No. 74538, 1999 Ohio App. LEXIS 168 (Jan. 28, 1999); *Michael Benza & Assoc. v. Lombardi*, 8th Dist. Cuyahoga No. 74418, 1999 Ohio App. LEXIS 138 (Jan. 21, 1999); *The Ohio Leitina Co. v. Vandra Bros. Constr.*, 8th Dist. Cuyahoga No. 72616, 1998 Ohio App. LEXIS 5405 (Nov. 12, 1998); and *Brotherhood of Locomotive Engineers v. Dixon*, 8th Dist. Cuyahoga No. 72269, 1998 Ohio App. LEXIS 3412 (July 23, 1998).

R.C. 1901.18(B)(4).

{¶17} Amazing Tickets contends that this was an administrative action for affirmative injunctive relief, i.e., to enforce a subpoena, and therefore the Cleveland Municipal Court did not have jurisdiction. For its contention, Amazing Tickets relies primarily on *Cleveland v. Sun Oil Co.*, 62 Ohio App.3d 732, 577 N.E.2d 431 (8th Dist.1989).

{¶18} In *Sun Oil*, Sun Oil was granted permission by the Cleveland Board of Zoning Appeals in 1978 to construct a new building and pump island for the operation of a gas and service station. The permit was conditioned however on the company not being allowed to operate the service station between midnight and 6:00 a.m.

{¶19} In 1985, Sun Oil decided to stop offering automotive services and products, and sought to open a mini-mart on the premise. The company applied for a permit to raze the service station facility, to install a new underground tank, and to erect a building for the mini-mart. The commissioner of buildings denied the permit on the basis that the new construction was contrary to the retail limitations set forth in the Cleveland Codified Ordinances.

{¶20} Sun Oil appealed to the Cleveland Board of Zoning Appeals, which reversed the commissioner's decision and approved the issuance of a permit for the requested construction. The board of zoning appeals did not place any condition on the company's hours of operation. In January 1987, Sun Oil began operating the gasoline station and mini-mart on a 24-hour basis.

**{¶21}** In February 1987, the company was served with a notice of violation of building ordinances by the city for operating its business between the hours of midnight and 6:00 a.m. Sun Oil appealed to the board of zoning appeals, which denied the appeal.

**{¶22}** The city of Cleveland filed a complaint for injunctive and other relief in the Housing Division of the Cleveland Municipal Court. The trial court granted the city's request for a temporary restraining order prohibiting Sun Oil from operating between the hours of midnight and 6:00 a.m. The trial court denied the company's motion to dismiss and to suspend the restraining order. After a trial, the restraining order was made permanent.

**{¶23}** On appeal to this court, Sun Oil contended that the Housing Division of the Cleveland Municipal Court did not have subject matter jurisdiction over the case and, therefore, did not have the power to issue injunctive relief. This court agreed.

**{¶24}** This court was not persuaded by the city's contention that the case fell under the purview of R.C. 1901.18(B)(4). This court found the statute "inapplicable because the board of zoning appeals acts in an administrative and quasi-judicial capacity and as such its actions amount to neither an ordinance nor a regulation. * * * The board's actions amounted to an administrative decision affecting only appellant Sun Oil Company." (Citation omitted.) *Sun Oil* at 735.

**{¶25}** This case presents a situation different from *Sun Oil* for two reasons. First, specific jurisdiction was granted to the city under R.C. 1901.18(B)(4). The Commissioner of the Division of Assessments and Licenses is the tax administrator of the

city's admissions tax. A requirement for the collection and maintenance of tax information is an exercise of the municipality's police power. *Springfield v. All Am. Food Specialists, Inc.*, 85 Ohio App.3d 464, 467, 620 N.E.2d 120 (2d Dist.1993).

{¶26} Under the city's admission tax chapter, the commissioner is authorized to conduct investigations, and as part of an investigation, is authorized to "compel the production of books, papers, records and other information" relative to "any admissions paid or admissions tax charged, collected or received or required to have been charged, collected or received." Cleveland Codified Ordinances 195.29. This action was filed by the city to prevent or terminate a violation of its ordinances and regulations that were enacted pursuant to its police power. Thus, the Cleveland Municipal Court had jurisdiction of the case under R.C. 1901.18(B)(4).

{¶27} Second, *Sun Oil* is distinguishable from this case because it dealt with the limitations on the city's housing court division under R.C. 1901.181, as opposed to the statute at issue here, R.C. 1901.18. As noted in *Sun Oil*, "[t]he housing court was established to resolve housing-related disputes and uniform enforcement of housing laws throughout the city." *Id.* at 735. There was no "housing-related dispute" or issue of the "uniform enforcement of housing laws throughout the city" with Sun Oil's desire to operate a 24-hour gas station and mini-mart and the city's denial of its request. Thus, the housing court did not have jurisdiction over the issue in *Sun Oil*.

{¶28} But here, the city sought to prevent or terminate a violation of its ordinances and, therefore, jurisdiction was with the municipal court.

**{¶29}** Moreover, we are not persuaded by Amazing Tickets' reliance on *The Ohio State Dental Bd. v. Becker*, 6th Dist. Huron No. H-12-001, 2012-Ohio-6239, *Ohio Bur. of Workers' Comp. v. Salkin*, 8th Dist. Cuyahoga No. 96173, 2011-Ohio-4620, or *Petro v. Stoldt*, 3d Dist. Seneca No. 13-99-68, 2000-Ohio-1868.

**{¶30}** In *Becker* and *Stoldt*, the matter of which court had jurisdiction to enforce a subpoena from The Ohio State Dental Board and the state auditor, respectively, were not issues at all.

**{¶31}** In *Salkin*, the subpoena was issued under R.C. 4121.15 by the Bureau of Workers' Compensation to a health care provider. R.C. 4121.15 provides that:

> [i]n case of the failure of any person to comply with any order of the bureau of workers' compensation or any subpoena lawfully issued, * * * the judge of the court of common pleas of any county in this state, on the application of the bureau, shall compel obedience by attachment proceedings for contempt as in the case of disobedience of the requirements of a subpoena issued from the court or a refusal to testify therein.

**{¶32}** Thus, the governing statute specifically vested the jurisdiction for enforcement of that type of subpoena with the court of common pleas. The case did not stand for the blanket proposition that enforcement of all subpoenas lies with the court of common pleas.

**{¶33}** Thus, *Becker, Stoldt*, and *Salkin* do not support Amazing Tickets' contention that the court of common pleas had jurisdiction in this case.

**{¶34}** Finally, under Cleveland Codified Ordinances 195.99, failure to comply with any provision of Chapter 195 of the Cleveland Codified Ordinances or any order or subpoena of the commissioner is a misdemeanor. The municipal court has jurisdiction

over misdemeanors. Amazing Tickets was put on notice that it could be penalized for noncompliance with the subpoena, which stated "[f]ailure to comply with a duly authorized subpoena of the Commissioner is a violation of Chapter 195. See CO §§ 195.30 and 195.99."[4]

{¶35} In light of the above, the Cleveland Municipal Court had jurisdiction. The second assignment of error is, therefore, overruled.

{¶36} The judgment denying the motion to vacate is reversed. The judgment denying the motion to dismiss is affirmed. The case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellees split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and

_____

[4]Cleveland Codified Ordinances 195.30 states in part that a failure to comply with an "order or subpoena of the Commissioner authorized hereby, shall be deemed a violation of this chapter punishable in accordance with Section 195.99."

EILEEN T. GALLAGHER, J., CONCUR