CONTEL CREDIT CORPORATION, APPELLEE, *v.* TIGER, INC., APPELLANT.

(No. 12717—Decided March 4, 1987.)

*Harry W. Greenfield,* for appellee.
*Charles J. Lally,* for appellant.

MAHONEY, P.J. Appellant, Tiger Inc. ("Tiger"), appeals the judgment of the Akron Municipal Court, following a trial to the court, in favor of appellee, Contel Credit Corporation ("Contel"), in the amount of $4,341.06 plus interest, representing the unpaid balance on Contel's lease of telephone equipment to Tiger. We reverse.

### Facts

On May 29, 1981, Tiger agreed to lease telephone equipment from Contel for a period of sixty months. In a June 10, 1981 addendum to the lease agreement, the parties agreed that, upon expiration of the lease term, Tiger could purchase the equipment for $1. Tiger made its monthly payments until November 1984 when it stopped making such payments.

On October 23, 1985, Contel filed suit against Tiger in Akron Municipal Court. In its complaint, Contel alleged that Tiger had breached its obligations under the terms of the lease and had failed to make the remaining nineteen monthly payments. In response, Tiger asserted the affirmative defense that Contel was not licensed to do business in Ohio and was thereby precluded from maintaining a cause of action in Ohio courts by virtue of R.C. 1703.29.

Following a trial to the court on May 20, 1986, the trial court rendered judgment in favor of Contel. In its findings of facts and conclusions of law, the trial court determined that although Contel is not licensed to do business in Ohio, it is "covered by the exemption of R.C. 1703.02" and, accordingly, has standing to maintain a cause of action in Ohio.

### Assignments of Error

"I. The trial court erred in finding, contrary to the manifest weight of the evidence, that plaintiff-appellee, a foreign corporation engaged in the business of leasing and financing the sale of telephone equipment within the state of Ohio, was exempted by R.C. 1703.02 from complying with the licensing requirements of R.C. 1703.29[, which is a] prerequisite to plaintiff-appellee maintaining its cause of action before the trial court.

"II. The trial court erred in holding, as a conclusion of law, that the plaintiff-appellee, a foreign corporation engaged in the business of leasing and financing the sale of telephone equipment within the state of Ohio, was exempted by R.C. 1703.02 from complying with the licensing requirements of R.C. 1703.29[, which is a] prerequisite to plaintiff-appellee maintaining its cause of action before the trial court."

In its assignments of error, Tiger contends that the trial court erred in finding that Contel is covered by R.C. 1703.02's exemption to R.C. 1703.03's licensing requirements. Tiger contends that the trial court should have found instead that, by virtue of the parties' lease agreement, Contel is engaged in intrastate commerce and is therefore

not entitled to R.C. 1703.02's exemption. Consequently, Tiger contends Contel has no standing to maintain a cause of action in Ohio.

R.C. 1703.03 provides that a foreign corporation, that is, a corporation incorporated under the laws of another state, shall not transact business in Ohio until it obtains a license to do so. R.C. 1703.02 exempts from such licensing statute a corporation "engaged in this state solely in interstate commerce." As a penalty for transacting business in this state without a license, foreign corporations, not exempt under R.C. 1703.02, are precluded, under R.C. 1703.29, from maintaining a cause of action in any court in Ohio.

The determination of whether a corporation engages solely in interstate commerce and is thus exempt from a state's licensing requirements is largely factual, dependent upon the totality of the relevant circumstances surrounding the corporation's business operations. *Golden Dawn Foods, Inc.* v. *Cekuta* (1964), 1 Ohio App. 2d 464, 466, 30 O.O. 2d 452, 453, 205 N.E. 2d 121, 123; *Selama-Dindings Plantations, Ltd.* v. *Durham* (S.D. Ohio 1963), 216 F. Supp. 104, 113, 24 O.O. 2d 80, 88, affirmed *sub nom. Selama-Dindings Plantations, Ltd.* v. *Cincinnati Union Stock Yard Co.* (C.A. 6, 1964), 337 F. 2d 949; *Short Films Syndicate Co.* v. *Standard Film Service Co.* (1931), 39 Ohio App. 79, 82, 9 Ohio Law Abs. 645, 646, 176 N.E. 893, 894; 1982 Ohio Atty. Gen. Ops. No. 32, at 2-92. Case law suggests that a corporation engages in interstate commerce when it contracts to sell goods it manufactured outside Ohio to firms within Ohio. See *Golden Dawn Foods, Inc.* v. *Cekuta, supra.* Similarly, case law indicates that those activities of a corporation which are incidental yet essential to the corporation's interstate commerce will also be considered interstate commerce. *York Mfg. Co.* v. *Colley* (1918), 247 U.S. 21.

It is recognized, however, that a foreign corporation engages in business within a state when "it has entered the state by its agents and is there engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be distinguished from merely casual, sporadic, or occasional transactions and isolated acts. * * *" 36 American Jurisprudence 2d (1968) 312, 314-315, Foreign Corporations, Section 317. Money, moreover, is not a commodity of bargain and sale to be put up and sold after being shipped. 17 Fletcher, Cylopedia of the Law of Private Corporations (1987 Rev. Ed.) 416, Foreign Corporations, Section 8419. "[T]he loaning of money by foreign corporations engaged in that business to * * * corporations in a state is not a matter of interstate commerce, and such corporation may be subjected to the laws of the state imposing conditions or restrictions upon its doing business within the limits of such state." (Footnote omitted.) *Id.*

The uncontroverted evidence before this court clearly indicates that the trial court erred in concluding that Contel is entitled to R.C. 1703.02's exemption to R.C. 1703.03's licensing requirements. The evidence indicates instead that Contel is a finance company that financed Executone Phone Company's sale of telephone equipment to Tiger. As such, Contel is not engaged solely in interstate commerce and is thus not entitled to R.C. 1703.02's exemption. As an unlicensed corporation which does business in Ohio and which is not entitled to any exemption, Contel is precluded, pursuant to R.C. 1703.29, from maintaining a cause of action in Ohio.

Summary

Tiger's assignments of error are well-taken. The judgment of the trial court is reversed and the cause is remanded to the trial court to dismiss the complaint based upon the appellee's lack of standing to bring the action.

*Judgment accordingly.*

QUILLIN and BAIRD, JJ., concur.