OPINION
The plaintiff-appellant, Sprintwood Corporation ("appellant"), appeals the decision of the Hancock County Court of Common Pleas granting summary judgment in favor of the defendants-appellees, Construction One, Inc., Pinnacle Columbus LLC and Commercial Savings Bank. For the following reasons, we affirm the judgment of the trial court in part and reverse in part.
The pertinent facts and procedural history of this case are as follows. The appellant is a drywall subcontractor whose principal place of business is in Illinois. Construction One is an Ohio Corporation engaged in the business of construction and general contracting. Construction One was acting as the general contractor for the construction of a hotel in Findlay, Ohio owned by Pinnacle Columbus, LLC. Commercial Savings Bank provided the financing for the hotel project.
Construction One and the appellant entered into a subcontractor agreement for the installation of drywall at the hotel site. The appellant obtained the necessary materials from L W Supply Co. At some time during the installation, a dispute arose between the parties and Construction One terminated the agreement. The appellant and L W Supply both alleged that they had not been paid by Construction One and filed mechanics' liens against the property.
On February 11, 1999, the appellant and L W Supply filed a lawsuit in the Hancock County Court of Common Pleas seeking to recover monies owed them for the work completed and materials used on the hotel project. On April 14, 1999, L W Supply assigned its lien interest to the appellant, making the appellant the sole plaintiff in this action. On May 13, 1999, Construction One and Commercial Savings Bank filed a joint motion for summary judgment based upon the appellant's failure to obtain a license to transact business in Ohio. Oral arguments were held and on October 18, 1999, the trial court granted the appellees' motion for summary judgment. The trial court held that the appellant "lacked a present capacity to sue the defendants in the State of Ohio * * *." The court dismissed with prejudice all the claims asserted by the appellant against all the defendants and discharged the mechanics' liens. It is from this judgment that the appellant now appeals, asserting five assignments of error.
Before addressing the appellant's assignments, it is necessary to set forth the standard of review in this matter. In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination.Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial.Dresher, 75 Ohio St.3d at 293.
Assignment of Error No. 1
 The trial court committed error in finding that Sprintwood Corporation was doing business in the State of Ohio and is inconsistent with the decision relied upon in the matter Contel Credit v. Tiger, 36O. Appellate 3d 71 [sic], 520 N.E.2d 1385. That decision found that there must be continuous business activity which is substantial on the part of the entity doing business in Ohio in order to be considered doing business in the State of Ohio in order to require a foreign corporation to apply for authority to do business as a foreign corporation, Appellant maintains that it was excepted from the requirement because the transaction was isolated and Appellant maintained no continuous activity in the State of Ohio. [sic]
 In its first assignment of error, the appellant contends that the trial court erred in finding that it was a doing business in Ohio and therefore was required to have obtained a license in order to maintain this action. For the following reasons, we disagree.
In this matter, it is uncontroverted that the appellant was an Illinois corporation and failed to obtain a license required by R.C. 1703.03 and, therefore, unless an exception applied, the appellant lacked standing to bring the instant action.
R.C. 1703.03 provides that a foreign corporation, that is, a corporation incorporated under the laws of another state, shall not transact business in Ohio until it obtains a license to do so.Contel Credit Corp. v. Tiger, Inc. (1987), 36 Ohio App.3d 71, 73. As a penalty for transacting business in Ohio without a license, foreign corporations are precluded under R.C. 1703.29 from maintaining a cause of action in any court in Ohio. Colegrove v.Handler (1986), 34 Ohio App.3d 142, 145. However, R.C. 1703.02
exempts from the licensing requirements of R.C. 1703.03 foreign corporations "engaged in this state solely in interstate commerce." Dot Systems, Inc. v. Adams Robinson Ent., Inc. (1990),67 Ohio App.3d 475. The appellant contends that there remains a genuine issue of material fact as to whether it is doing business in Ohio or engaging solely in interstate commerce, which would allow it to bring the action herein despite its failure to obtain a license.
The determination of whether a corporation engages solely in interstate commerce and is thus exempt from a state's licensing requirements is largely factual, dependent upon the totality of the circumstances surrounding the corporation's business operations. Contel, 36 Ohio App.3d at 73. However, it is recognized that a foreign corporation engages in business within a state, and hence is not engaged solely in interstate commerce, when it has entered the state by its agents and is there engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be distinguished from merely casual, sporadic, or occasional transactions and isolated acts. Id.; 36 American Jurisprudence 2d (1968) 312, 314-15, Foreign Corporations, Section 317, see, also, Dot Systems, Inc., 67 Ohio App.3d at 481.
In the case at bar, the appellant contracted to provide labor and materials for the installation of drywall at the hotel site. The evidence reveals that the appellant brought in people from outside the state to perform the actual work at the site and that the project took approximately three months to complete. After construing the evidence most strongly in favor of the appellant, we are persuaded that it clearly reveals that the performance of this contract by the appellant in Ohio was not a casual, sporadic, or occasional transaction or isolated act. Reasonable minds could only conclude that the appellant was involved in the carrying on of its ordinary business in Ohio. Accordingly, the appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The trial court committed error in determining that the all [sic] claims of the Appellant should be dismissed with prejudice.
 The appellant contends that trial court erred in dismissing its claims with prejudice. For the following reasons, we agree.
The judgment entry of the trial court, dated October 18, 1999, states that all claims against the defendants are dismissed with prejudice. However, the court's rationale for granting the dismissal is that, at the time, the appellant lacked the capacity to maintain an action in the State of Ohio, due to its failure to obtain a license pursuant to R.C. 1703.29. The court is clearly dismissing the appellant's claims on a procedural aspect rather than on the merits. "A dismissal of a suit or action, in order to be effectual as a bar to a future action, must be on the merits of the case. Generally, where the term "merit" is used in connection with the determination of an action, it embraces a consideration of substance, not of form; of legal rights, not of mere defects of procedure or practice or the technicalities thereof." 1O Jur 3d, Actions § 172. Therefore, it was clearly erroneous for the trial court to dismiss the appellant's claims with prejudice, when the basis for the dismissal was a procedural matter, rather than concerning the substance of the case. Accordingly, the appellant's second assignment of error is well taken.
Assignment of Error No. 3
 The Judgment Entry of the trial court of October 18, 1999 finding that Sprintwood Corporation was not admitted to do business in the State of Ohio is incorrect, as it was shown that they are, in effect, qualified to do business at the time the Court entered Judgment in this matter.
 In its third assignment of error, the appellant contends that because it had obtained a license prior to the judgment in this matter, the trial court erred in finding that it was not able to maintain an action. The appellant relies on R.C. 1703.29 in support of this proposition. R.C. 1703.29(A) provides, in pertinent part, as follows:
 The failure of any corporation to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license.
 This Court has previously addressed this issue in Stults Associates, Inc. v. United Mobile Homes, Inc. (Oct. 14, 1998), Marion App. No. 9-97-66, unreported. In that case we noted the Second District Court of Appeals reasoning in P.K. Springfield, Inc. v. Hogan (1993), 86 Ohio App.3d 764, in dealing with a corporation's obtaining a license prior to judgment as follows:
 R.C. 1703.29(A) specifically provides that an unlicensed corporation may not maintain an action until it acquires an Ohio license. The phrase "maintain an action" may mean either the commencement of an action or the continuation of an action already begun. Black's Law Dictionary (5 Ed.Rev. 1979) 859. Thus, the beginning or continuation of an action by an unlicensed corporation clearly violates R.C. 1703.29(A). Furthermore, the statute does not expressly provide an exception in cases where the corporation acquires a license prior to judgment, or indeed at any other time after it commences an action. Thus, the failure of a corporation to procure the required license prior to maintaining an action violates R.C. 1703.29(A) and may be a sufficient basis for a judicial remedy for that violation, regardless of whether the corporation obtains a license prior to final judgment.
 In this case, the appellant filed its complaint on February 11, 1999, at which time it was not licensed to do business in the State of Ohio. The appellant subsequently obtained a license on October 13, 1999. At the time the appellant commenced this action it had not obtained a license. The trial court's decision to dismiss the appellant's claim was correct, regardless of the appellant's status at the time of the judgment. Accordingly, the appellant's third assignment of error is overruled.
 Assignment of Error No. 4
 The trial court committed error by including in the Entry a discharge of the mechanics liens of L W Supply, Toledo Drywall and Sprintwood Corporation, as to the property of Pinnacle, as their was no provision for such relief in the decision upon which the Entry was based, no such affirmative relief was sought by the Appellees in their joint motion, and Pinnacle the property owner, was not a party to the Joint Motion of Construction and Commercial upon which the decision of the trial court was based. [sic]
 The appellant's contend that the trial court erred in discharging the mechanics' liens. For the following reasons, we agree.
The trial court dismissed the appellant's claims due to its failure to obtain a license to do business in the State of Ohio. While the court correctly held that, at that time, the appellant could not bring suit in Ohio, there is nothing in the record that would prevent the appellant from holding a mechanics' lien against the property. R.C. § 1311.11(B) states the following concerning mechanics' liens.
 If the lienholder fails to commence suit upon the lien within sixty days after completion of service upon him of the notice to commence suit, or if the action is commenced but dismissed with prejudice before adjudication, the lien is void and the property wholly discharged from the lien.
 The parties agree that the appellant's brought this action within the sixty-day time requirement. As previously stated, the trial court erred by dismissing the appellant's claims with prejudice. Therefore, nothing has occurred which would render the appellant's liens void and the trial court's discharge of the liens was in error. Accordingly, the appellant's fourth assignment of error is well taken.
 Assignment of Error No. 5
 The trial court committed error in dismissing all claims of the Plaintiffs against all defendants with prejudice, which would include Pinnacle Columbus LLC, but Pinnacle was not a moving party and had not sought relief. [sic]
 The appellant argues that the trial court erred by dismissing its claims against Defendant Pinnacle Columbus when Pinnacle was not a party to the motion for summary judgment. For the following reasons, we agree.
On May 13, 1999, Defendants Construction One and Commercial Savings Bank filed a joint motion for summary judgment in this matter. The third defendant, Pinnacle Columbus, did not join this motion. However, in its judgment entry, the trial court stated "all claims against all defendants to this action are dismissed with prejudice." In effect, the trial court dismissed the claims against Pinnacle, despite the fact that they were not a party to the motion for summary judgment.
In Marshall v. Aaron (1984), 15 Ohio St.3d 48, the Supreme Court of Ohio held that a party who has not moved for summary judgment is not entitled to such an order, even where co-defendants have filed for and obtained this relief. The Supreme Court found support for this holding in the implications of the language of Civ.R. 56(C), which states in part:
 * * * A summary judgment shall not be rendered unless it appears from * * * [the] evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * * (emphasis added).
 Id. at 50. Where no motion has been filed, and necessarily no evidence attached thereto, no conclusion, favorable or adverse, is properly available upon which to base an order for summary judgment. Id. Nowhere in the rules does it state that a court may sua sponte enter summary judgment. Id. at 51. The Supreme Court of Ohio found support for this position in federal cases. See, e.g., Capital Films Corp. v. Charles Fries Productions, Inc. (C.A.5, 1980), 628 F.2d 387, 390-91; Denton v. Mr. Swiss of Missouri, Inc. (C.A.8, 1977), 564 F.2d 236, 242.[1]
Given the current state of the law in Ohio, as set forth by the Supreme Court of Ohio in Marshall, Pinnacle was not entitled to summary judgment in this action. Pinnacle did not file a motion for summary judgment in the trial court, nor did they join the motion filed by the other two defendants. The trial court erred in granting summary judgment and dismissing the appellant's claims against Pinnacle. Accordingly, the appellant's fifth assignment of error is well taken.
Having found error prejudicial to the appellant herein, in three of the particulars assigned and argued, we reverse the judgment of the trial court as to the appellant's second, fourth, and fifth assignments of error.
Having found no error prejudicial to the appellant herein, in two of the particulars assigned and argued, we affirm the judgment of the trial court as to the appellant's first and third assignments of error.
Judgment affirmed in part and reversed in part.
 BRYANT and SHAW, JJ., concur.
[1] The federal position on sua sponte entry of summary judgment has changed since the Supreme Court of Ohio's reliance on it in Marshall. The United States Supreme Court has noted that "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all her evidence.Celotex Corp. v. Catrett (1986), 477 U.S. 317, 326. The federal appellate courts now permit a sua sponte entry of summary judgment provided that the nonmovant is given the notice dictated in Fed.R.Civ.P. 56 so that he can marshall evidence to show a genuine issue of material fact. See, generally, N.L.Industries, Inc. v.GHR Entergy Corp. (C.A. 5, 1991) 940 F.2d 957, 965. The Ohio Supreme Court, nevertheless, appears to have maintained its disapproval of sua sponte summary judgments notwithstanding the change in federal case law. See Bowen v. Kil-Kare, Inc. (1992),63 Ohio St.3d 84, 94.