This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Nate Foliano, appeals the decision of the Summit County Court of Common Pleas. We affirm.
{¶ 2} On May 9, 1997, a lease ("Lease") was executed between MEK, Inc. as the lessee and Barnett Bank as the lessor in the amount of $40,283.37. On May 16, 1997, a note and security agreement ("Note") were executed between MEK, Inc. as borrower and Barnett Bank as lender in the principal amount of $50,000.00. Mr. Foliano personally guaranteed the performance of the Lease and Note. MEK, Inc. defaulted on the Lease and Note, thus triggering Mr. Foliano's guaranty.
{¶ 3} Barnett Bank sold the Lease and Note to NationsBank, who in turn sold them to Bank of America, who in turn sold them to the appellee in this case, Aurora Credit Services ("Aurora"). On June 15, 2000, Aurora filed a complaint alleging breach of contract, and an amended complaint alleging account and unjust enrichment in addition to breach of contract. Mr. Foliano asserted counterclaims, alleging lack of jurisdiction, malicious prosecution and/or abuse of process, and defamation. Both parties filed motions for summary judgment. The trial court denied Mr. Foliano's motion for summary judgment and Aurora's motion for summary judgment in part. The trial court granted Aurora's motion for summary judgment as to the counterclaim of malicious prosecution.
{¶ 4} On January 7, 2002, the trial court granted judgment in favor of Aurora. It is from this judgment that Mr. Foliano appeals. This Court notes that pursuant to the Lease and Note between the original parties, this suit is governed by the laws of the state of Florida.
{¶ 5} Mr. Foliano asserts five assignments of error. We will address each in turn.
 First Assignment of Error {¶ 6} "THE TRIAL COURT ERRED IN ITS EVIDENTIARY RULINGS IN FAVOR OF PLAINTIFF FOR THE ADMISSION OF DOCUMENTS NECESSARY TO PROOF [sic.] OF PLAINTIFF'S CLAIM."
{¶ 7} Mr. Foliano claims that the trial court erred by admitting copies, rather than the originals, of the Lease, Note and guaranty offered by Aurora as proof of its claim against him. We disagree.
{¶ 8} "The admission or exclusion of relevant evidence rests within the sound discretion of the court." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. This Court will not reverse a trial court's determination on the admission or exclusion of evidence absent an abuse of discretion. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 9} Mr. Foliano argues that the trial court erred by allowing Aurora to submit copies, and not original documents, as evidence of the prior transfers from Barnett Bank to NationsBank, and NationsBank to Bank of America. Mr. Foliano argues that the original documents were necessary due to discrepancies; however, he does not identify any discrepancies.
{¶ 10} Mr. Foliano fails to demonstrate how the trial court's rulings on these issues was an abuse of discretion. As the appellant, Mr. Foliano has the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; see, also, Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086. Pursuant to App.R. 16(A)(7), an appellant must "demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M. Mr. Foliano does not cite to any Florida cases or statutes that demonstrate the trial court abused its discretion in these evidentiary rulings.
{¶ 11} Accordingly, Mr. Foliano's first assignment of error is overruled.
 Second Assignment of Error {¶ 12} "THE TRIAL COURT ERRED IN ITS APPLICATION OF FLORIDA LAW REGARDING THE FLORIDA TAX STAMP."
{¶ 13} In his second assignment of error, Mr. Foliano argues that the trial court erred in its application of Florida law regarding the Florida tax stamp. We disagree.
{¶ 14} Fla. Stat. 201.08(1)(b) requires that "[t]he mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid." In the present case, Aurora produced a copy of the Lease which contains a stamp stating "Florida Documentary Stamp Tax required by law in the amount of $141.05 has been paid or will be paid directly to the Department of Revenue. Certificate of Registration #59-0155625." Aurora produced a copy of the Note which contained this same language, but with the amount of $175.00. Aurora also produced a copy of the Lease and Note payment histories which show payments of $141.05 and $175.00.
{¶ 15} The trial court weighed the evidence and found by a preponderance of the evidence that the stamp tax was paid. Upon careful review of the trial court record, we cannot say that the trial court erred. Mr. Foliano's second assignment of error is overruled.
 Third Assignment of Error {¶ 16} "THE TRIAL COURT ERRED IN ITS APPLICATION OF FLORIDA LAW AS TO THE NECESSARY ELEMENTS OF PROOF OF A CLAIM AGAINST A GUARANTOR."
{¶ 17} In his third assignment of error, Mr. Foliano argues that the trial court erred in its application of Florida law as to the necessary elements to prove a claim against a guarantor. We disagree.
{¶ 18} Under Florida law, the burden is on the obligee to show that all of the conditions to the guarantor's liability have occurred.Northwestern Bank v. Cortner (Fla. 1973), 275 So.2d 317, 320; AldermanInterior Systems, Inc. v. First Natl. Heller Factors, Inc. (Fla. 1979), 376 So.2d 22, 24. In the case of an absolute guaranty, guarantor's liability arises immediately upon default in payment by the debtor.Anderson v. Trade Winds Enterprises Corp. (Fla. 1970), 241 So.2d 174,177; see, also, Brunswick Corp. v. Creel (Fla. 1985), 471 So.2d 617,619.
{¶ 19} Mr. Foliano admitted during trial and in his brief to this Court that he guaranteed the Lease and the Note. Aurora submitted evidence that the Lease and Note were in default. The trial court did not err by finding that Aurora proved the necessary elements to enforce its claim against Mr. Foliano as guarantor. Mr. Foliano's third assignment of error is overruled.
 Fourth Assignment of Error {¶ 20} "THE TRIAL COURTS [sic.] JUDGMENT IN FAVOR OF PLAINTIFF IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 21} In his fourth assignment of error, Mr. Foliano argues that the trial court's judgment is against the manifest weight of the evidence because: (1) there was no credible evidence that the Florida Tax Stamp was paid, (2) Aurora has not complied with the registration requirements for foreign corporations to bring suit in Ohio, (3) Aurora did not present credible evidence that it was a valid assignee of Barnett Bank, and (4) that exclusive jurisdiction over this case belongs in Florida. We disagree.
{¶ 22} When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), 9th Dist. Nos. 97CA006897/97CA006907.
{¶ 23} "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
{¶ 24} Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]."Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
{¶ 25} In this assignment of error, Mr. Foliano again argues that there was no credible evidence that the Florida Tax Stamp was paid. This issue was addressed and overruled in the second assignment of error.
{¶ 26} Mr. Foliano also asserts that Aurora has not complied with the registration requirements for foreign corporations to maintain a suit in Ohio. Mr. Foliano raises this same issue in his fifth assignment of error and this Court will address it under that assignment of error.
{¶ 27} Next, Mr. Foliano argues that the trial court's judgment is against the manifest weight of the evidence due to the lack of evidence proving that Aurora is a valid assignee of Barnett Bank. During trial, Aurora presented copies of the Lease and Note. Attached to each was a copy of an allonge, signed by the senior vice president of "Bank of America, N.A., Successor to Barnett Bank, N.A." Aurora also presented the testimony of Charles Zak, president of Aurora. Mr. Zak testified that "Barnett Bank was taken over by NationsBank in the course of successor by merger, and then Bank of America by merger acquired NationsBank."
{¶ 28} Mr. Foliano argues that, because there is no documentation of the transfer from Barnett Bank to NationsBank, and NationsBank to Bank of America, Aurora is not a valid assignee. We disagree. Based upon the wording of the allonges and the testimony of Mr. Zak, we cannot say that the trial court's judgment is against the manifest weight of the evidence.
{¶ 29} Finally, Mr. Foliano asserts that the trial court's judgment is against the manifest weight of the evidence because exclusive jurisdiction in this case belongs in Florida. Mr. Foliano never filed a motion to dismiss for lack of jurisdiction, therefore, he has waived this issue.
{¶ 30} After review of the record, we cannot conclude that the trial court's judgment is against the manifest weight of the evidence. Mr. Foliano's fourth assignment of error is overruled.
 Fifth Assignment of Error {¶ 31} "THE COURT ERRED IN GRANTING SUMMARY JUDGMENT DISMISSING DEFENDANT'S COUNTERCLAIM FOR MALICIOUS PROSECUTION AND IN DENYING SUMMARY JUDGMENT TO DISMISS PLAINTIFF'S COMPLAINT."
{¶ 32} In Mr. Foliano's fifth assignment of error, he asserts that the trial court erred when it partially granted Aurora's motion for summary judgment by dismissing Mr. Foliano's counterclaim for malicious prosecution and by denying Mr. Foliano's motion for summary judgment. We disagree.
{¶ 33} Pursuant to Civ.R. 56(C), summary judgment is proper if there is no remaining issue of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and, when viewing evidence in favor of the non-moving party, reasonable minds can come to but one conclusion. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
{¶ 34} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. An appellate court reviews "the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am.Energy Serv. v. Lekan (1992), 75 Ohio App.3d 205, 208.
{¶ 35} In the present case, Mr. Foliano limits his summary judgment argument to the proposition that the trial court erred in denying his motion for summary judgment and dismissing his counterclaim because Aurora was not properly registered in Ohio, and, therefore, could not maintain a suit in Ohio. The trial court found that Aurora was exempted from registration in Ohio under R.C. 1703.02 because Aurora was involved in interstate commerce.
{¶ 36} R.C. 1703.29(A) states that "no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license." A corporation is not required to obtain a license to maintain a court action if it is exempt under R.C.1703.02. See, R.C. 1703.02; see, also, Contel Credit Corp. v. Tiger,Inc. (Mar. 4, 1987), 36 Ohio App.3d 71, 73. To be exempt under R.C.1703.02, the corporation must be "engaged in this state solely in interstate commerce." R.C. 1703.02. "The determination of whether a corporation engages solely in interstate commerce and is thus exempt from a state's licensing requirements is largely factual, dependent upon the totality of the relevant circumstances surrounding the corporation's business operations." Contrel Credit Corp., 36 Ohio App.3d at 73. A corporation is not engaged solely in interstate commerce, when "`it has entered the state by its agents and is there engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be distinguished from merely casual, sporadic, or occasional transactions and isolated acts.'" Contel Credit Corp., 36 Ohio App.3d at 73, quoting 36 American Jurisprudence 2d (1968) Foreign Corp., Section 317; see, also, Dot Systems, Inc. v. Adams Robinson Ent., Inc. (1990),67 Ohio App.3d 475, 481.
{¶ 37} In his motion for summary judgment, Mr. Foliano asserted that Aurora was not qualified to bring suit in Ohio because it was not registered. In support of his motion, Mr. Foliano attached a copy of what appears to be a list of companies registered in Ohio as of August 14, 2000 from an unknown website. The name "Aurora Credit Services" does not appear on this list. In its memorandum contra to Mr. Foliano's motion for summary judgment, Aurora argued that R.C. 1703.02 exempts it from registration. In support of its argument, Aurora submitted an affidavit that it "has no office in Ohio, no agents based in Ohio, and does not actively market in Ohio."
{¶ 38} Upon review of the record, this Court finds that the trial court did not err in denying Mr. Foliano's summary judgment in relation to Aurora's complaint. Mr. Foliano's fifth assignment of error is overruled.
{¶ 39} Mr. Foliano's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J. CONCURS IN JUDGMENT ONLY; WHITMORE, J., CONCURS.