OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Eric Tucker appeals the October 23, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On November 12, 1998, the Stark County Grand Jury indicted appellant on one count of aggravated burglary, in violation of R.C. 2911.01; one count of aggravated robbery, in violation of R.C. 2911.01; and one count of attempted murder, in violation of R.C. 2923.02. Each count included a firearm specification. On December 16, 1998, appellant appeared before the trial court and withdrew his former plea of not guilty and entered a plea of guilty to all the charges contained in the indictment. Via Judgment Entry filed February 1, 1999, the trial court sentenced appellant to an aggregate term of imprisonment of twenty-one years. Appellant appealed his sentence to this Court, which sentence was affirmed. State v. Tucker (Sept. 20, 1999), Stark App. No. 1999CA00096, unreported.
{¶ 3} Appellant filed a motion to withdraw his plea on November 5, 2001. Via Judgment Entry filed May 8, 2002, the trial court denied said motion. Appellant appealed that decision to this Court, which we affirmed. State v. Tucker, Stark App. No. 2002CA00158, 2002-Ohio-7009. Thereafter, on October 17, 2003, appellant filed a "Motion to Vacate/Set Aside Judgment of Conviction And/Or Sentence," arguing he had been convicted of crimes not charged against him in the indictment and the imposed sentenced violated current law. Via Judgment Entry filed October 23, 2003, the trial court denied the petition, finding appellant had not set forth a claim warranting relief and appellant had failed to timely file the petition.
{¶ 4} It is from this judgment entry appellant appeals, raising the following assignments of error:
{¶ 5} "I. The trial court erred to the appellant's prejudice by improperly converting the appellant's `motion to vacate or set aside judgment of conviction and/or sentence' to a `request for post conviction relief' for the sole purpose of dismissing the motion as untimely, and for other reasons having no relationship to the motion.
{¶ 6} "II. The trial court erred to the appellant's prejudice by failing to vacate or set aside the appellant's conviction for one or more of the charges for which he is imprisoned as he has not been properly charged with one or more such offenses, rendering his convictions and sentences based thereon as having been rendered and imposed without jurisdiction.
{¶ 7} "III. The trial court erred to the appellant's prejudice by failing to vacate or set aside the appellant's sentences where the trial court, prior to sentencing, announced that it intended to disregard sentencing law, and during sentencing fulfilled such promise; by its consideration of inappropriate factors and evidence; by its failure to make statutorily mandated findings or state proper reasons for its `worst form' finding; and, generally, by its failure to adhere even marginally to Ohio's sentencing law."
 I
{¶ 8} In his first assignment of error, appellant contends the trial court erred in converting his motion to vacate or set aside judgment of conviction to a petition for post conviction relief.
{¶ 9} Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C.2953.21, which provides:
{¶ 10} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
{¶ 11} The caption of a pro se pleading does not definitively define the nature of the pleading. State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304. In Reynolds, the Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1), because it is a motion that was (1) filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant to Reynolds, we find appellant's Motion to Vacate or Set Aside Conviction and/or Sentence is a petition for post conviction relief as defined in R.C. 2953.21.
{¶ 12} Because Reynolds's motion was a petition for post-conviction relief, we also find it is barred by res judicata. In State v. Perry (1967), 10 Ohio St.2d 175, the Ohio Supreme Court held:
{¶ 13} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." Id. at syllabus. (Emphasis added.)
{¶ 14} Furthermore, a petition for post-conviction relief must be filed within the time requirements set forth in R.C.2953.21(A)(1)(2). Appellant did not file the motion at issue herein within that time frame.
{¶ 15} Accordingly, we find the trial court did not err in treating appellant's motion as a petition for post-conviction relief.
{¶ 16} Appellant's first assignment of error is overruled.
 II, III
{¶ 17} In light of the our disposition of appellant's first assignment of error, we overrule appellant's second and third assignments of error, finding the arguments raised in appellant's petition to the trial court are barred by the doctrine of res judicata and the petition was untimely filed.
{¶ 18} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.