OPINION *Page 2 
{¶ 1} Appellant Eric Thomas Tucker appeals from the Stark County Court of Common Pleas Court's decision to deny his Motion to Resentence. Appellee is the State of Ohio.
 {¶ 2} In 1998, the Stark County Grand Jury returned an indictment against appellant charging him with one count each of aggravated burglary, aggravated robbery, and attempted murder. Each charge also included an attendant firearm specification. The case proceeded in the Stark County Court of Common Pleas and resulted in appellant's guilty plea to the charges and specifications. Upon accepting appellant's guilty pleas and convicting him, the trial court sentenced him to a prison term of ten years on the attempted murder charge, a consecutive eight-year term on the aggravated burglary charge, and a concurrent ten-year term on the aggravated robbery charge. The court merged the three firearm specifications and imposed the mandatory consecutive three year term, for an aggregate prison term of 21 years.
 {¶ 3} Appellant appealed his sentence, arguing that the evidence did not support either a maximum sentence or a consecutive sentence. This Court overruled the single assignment of error that challenged his sentence, and affirm the trial court in State v. Tucker (Sept. 20, 1999), Stark App. No. 1999-CA-00096, unreported, 1999 WL 770849.
 {¶ 4} Thereafter, appellant filed a motion to withdraw his guilty plea, which the trial court overruled. Appellant appealed this decision, which this Court affirmed in State v. Tucker, Stark App. No. 2002-CA-00158, 2002-Ohio-7009, 2002 WL 31831408, appeal denied98 Ohio St.3d 1514, 2003-Ohio-1572, 786 N.E.2d 63. *Page 3 
 {¶ 5} Appellant then filed a petition for post-conviction relief to overturn his conviction and sentence. The trial court denied relief, and appellant appealed. This Court overruled appellant's assignments of error and affirmed the trial court's dismissal in State v. Tucker, Stark App. No. 2003-CA-00397, 2004-Ohio-3060, 2004 WL 1326757, appealdenied 103 Ohio St.3d 1480, 2004-Ohio-5405, 816 N.E.2d 255.
 {¶ 6} In 2007, appellant filed the instant Motion for Resentencing to require the trial court to specify the terms of post-release control. The trial court overruled the motion, noting that it had notified appellant of his post-release control obligations at the December 1998 guilty plea hearing. At the January 1999 sentencing hearing, the trial court noted that appellant's counsel had acknowledged the prior notification and waived a renotification of the post-release control obligation at this subsequent hearing. The trial court included the transcript pages of these hearings that noted this notification and waiver.
 {¶ 7} Appellant now appeals raising a single assignment of error:
 {¶ 8} "I. DEFENDANT WAS DENIED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW WHEN THE TRIAL COURT REFUSED TO RESENTENCE HIM PURSUANT TO OHIO REVISED CODE, SECTION 2929.191."
 {¶ 9} This case comes to us on the accelerated calendar governed by App.R. 11.1, which states the following in pertinent part:
 {¶ 10} "(E) Determination and judgment on appeal
 {¶ 11} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. *Page 4 
 {¶ 12} The decision may be by judgment entry in which case it will not be published in any form."
 I. {¶ 13} In his sole assignment of error, appellant contends the trial court deprived him of his right to due process of law by failing to grant a resentencing hearing on his 1999 conviction. We disagree.
 {¶ 14} In his motion for resentencing, appellant highlights that the trial court at his 1999 sentencing hearing failed to notify him of mandatory post release control. See R.C. 2967.28; R.C. 2919.19.
 {¶ 15} The Ohio Supreme Court has definitively held that a trial court "is duty-bound to notify [an] offender at sentencing about post-release control." State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 22. The Court, construing R.C. 2929.19(B)(3), 2967.28(B), and 2967.28(F)(3), held that a trial court "is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its journal entry imposing sentence."Jordan, paragraph one of the syllabus; R.C. 2929.19(B)(3). The Supreme Court, with reference to its decision in Comer, observed that notifying the offender is best achieved by "personally advising" him at the sentencing hearing. See Jordan at fn. 2; R.C. 2929.19(B)(3).
 {¶ 16} Accordingly, "when a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. *Page 5 
 {¶ 17} In the case sub judice, there is no dispute the trial court provided written post release control notification in its sentencing entry. See Judgment Entry, February 1, 1999, at 5. However, the only mention of post release control at the sentencing hearing was as follows:
 {¶ 18} "THE COURT: Further, we should acknowledge that we advised him of post release control, is that correct?"
 {¶ 19} "MR. JAKMIDES: I did as well as the Court."
 {¶ 20} "THE COURT: I will not review that. I am further advising you, Mr. Jakmides, that pursuant to 2953.08 if certain conditions are met there is a provision for appealing the sentence of this Court in any criminal matter; and I direct your attention to that particular paragraph if it so applicable." Tr., January 22, 1999 Sentencing Hearing at 23.
 {¶ 21} We note that the trial court previously at appellant's plea hearing, made the following statements regarding post release control:
 {¶ 22} "THE COURT: Because of the nature of these offenses, the attempt to commit murder, the burglary, and the robbery, upon your release from the State institution you will be under post release controls; and these are controls that are set by the State of Ohio Department of Corrections, Parole Board, and they will in your case exist for a period of 5 years upon your release from prison."
 {¶ 23} "If you violate any of the conditions that they set upon your release, the Parole Board can do the following: They can make your conditions more restrictive; they possibly could extend the duration of those if you violate within those 5 years, but they can return you to a State institution or a county jail If you violate their conditions; and *Page 6 
they could hold you up for periods up to 9 months each time you violate one of their conditions. Although, again, it could never exceed more than one-half of whatever your prison term may be."
 {¶ 24} "If you commit another felony after you are released from the institution, then the Board can impose the balance of time on these post release controls, whatever time that may be, or they could impose a 12 month sentence, whichever is longer; and then they would run that consecutively to any new felony sentence you may receive for committing another felony."
 {¶ 25} "Do you understand what post release controls are?"
 {¶ 26} "DEFENDANT TUCKER: It is like probation."
 {¶ 27} "THE COURT: It is like parole. Do you understand that?"
 {¶ 28} "DEFENDANT TUCKER: Yes, sir." Tr., December 16, 1998, at 13-14.
 {¶ 29} The trial court, at that time, additionally told appellant the potential consequences of any future PRC violations or further felony commissions. Id. at 13-14.
 {¶ 30} The present case thus does not present a scenario in which appellant received no verbal post release control notification. Instead, the trial judge originally advised him of said obligation in open court approximately one month before the sentencing hearing, which was itself postponed due to the court's desire to obtain a presentence investigation report. We note the Supreme Court in Jordan was more fundamentally addressing "* * * the situation that occurs when a trial court fails to notify an offender about postrelease control at the time of sentencing but incorporates that notice into its sentencing entry." Id. at ¶ 1. We hold the trial court in the case sub judice, via the *Page 7 
combination of its December 1998 plea hearing and January 1999 sentencing hearing colloquies, substantially complied with the statutory requirement to notify appellant of his PRC obligation and did not deprive appellant of due process.
 {¶ 31} Accordingly, we hold the trial court did not commit reversible error in denying appellant's postconviction motion for resentencing. Appellant's sole Assignment of Error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas,
Stark County, Ohio, is hereby affirmed.
 By: Delaney, J., Farmer, P.J. and Wise, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the sentence issued by the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1