[Cite as *State v. Tucker*, 2011-Ohio-4620.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 2011CA00084 |
| ERIC TUCKER | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 1998CR1366

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      September 12, 2011

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

JOHN D. FERRERO                          ERIC TUCKER, PRO SE
PROSECUTING ATTORNEY                     Richland Correctional Institution
STARK COUNTY, OHIO                       Inmate No. 368-090
                                         1001 Olivesburg Rd., P.O. 8107
BY: RONALD MARK CALDWELL                 Mansfield, Ohio 44901-8107
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1} Defendant-Appellant Eric Tucker appeals the March 16, 2011 Judgment Entry entered by the Stark County Court of Common Pleas denying his motion to correct sentence and for a de novo sentencing hearing. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE

{¶2} On November 12, 1998, Appellant was indicted by the Stark County Grand Jury on one count of aggravated burglary (R.C. 2911.11), one count of attempted murder (R.C.2923.02), and one count of aggravated robbery (R.C.2911.01), with firearm specifications accompanying each count. Appellant entered pleas of guilty in the Stark County Common Pleas Court. The court accepted the pleas, convicted Appellant as charged, and ordered a pre-sentence investigation.

{¶3} At the sentencing hearing, the court detailed the facts and circumstances of the case, relying on the pre-sentence investigation, the victim impact statements, the statements of the defendants, the lab reports, and photographs. The court then articulated its reasons for imposing an aggregate sentence of twenty-one years of incarceration. The twenty-one year sentence consisted of: eight years incarceration for aggravated burglary; ten years incarceration for attempted murder; ten years incarceration for aggravated robbery; and three years for each firearm specification. The sentences for attempted murder and aggravated robbery ran concurrently with each other, but consecutively to the aggravated burglary sentence. The court merged the three firearm specifications into one count, and ordered Appellant to serve a mandatory

term of three years, running consecutively and prior to the sentences on the underlying offenses.

{¶4} Appellant appealed his sentence to this Court arguing the evidence did not support either a maximum or a consecutive sentence. This Court affirmed the sentence imposed via Judgment Entry of September 20, 1999. *State v. Tucker,* Stark App. No. 1999CA00096.

{¶5} On November 5, 2001, Appellant filed a motion to withdraw his plea of guilty in the trial court. The court overruled the motion, and Appellant again filed an appeal with this Court. Via Judgment Entry of December 16, 2002, this Court affirmed the decision of the trial court denying Appellant's motion to withdraw his plea. *State v. Tucker,* Stark App. No. 2002CA00158, 2002-Ohio-7009.

{¶6} On October 17, 2003, Appellant filed a petition for post conviction relief to overturn his conviction and sentence. The trial court denied the petition, and Appellant appealed to this Court. This Court overruled the assigned error, and affirmed the trial court's dismissal. *State v. Tucker*, Stark App. No. 2003CA00397, 2004-Ohio-3060.

{¶7} On August 3, 2007, appellant filed a motion for resentencing to require the trial court to specify the terms of post-release control. The trial court overruled the motion, noting it had notified appellant of his post-release control obligations at the December 1998 guilty plea hearing. At the January 1999 sentencing hearing, the trial court noted Appellant's counsel had acknowledged the prior notification and waived a renotification of the post-release control obligation at this subsequent hearing. The trial court included the transcript pages of these hearings that noted the notification and waiver.

{¶8} This Court held the trial court did not commit reversible error in denying Appellant's postconviction motion for resentencing. *State v. Tucker*, Stark App. No. 2007CA00306, 2008-Ohio-1067.

{¶9} On July 30, 2009, Appellant moved the trial court to correct the 1999 sentencing entry, and the trial court overruled the motion. Appellant did not file an appeal from the trial court's denial.

{¶10} Appellant then filed a complaint for mandamus seeking a writ requiring the trial court resentence him. In the complaint, Appellant alleged the term of post-release control was not properly imposed. This Court dismissed the mandamus action, holding Appellant had an adequate remedy at law by way of an appeal to challenge the legality of his sentence. This Court's Judgment Entry was then affirmed by the Ohio Supreme Court.

{¶11} On January 18, 2011, Appellant filed a motion to correct sentence and for a de novo sentencing hearing with the trial court. Appellant argued his sentence was void due to the improper imposition of post release control. The trial court overruled the motion based upon the doctrine of res judicata, via Judgment Entry of March 16, 2011

{¶12} It is from the March 16, 2011 Judgment Entry Appellant now appeals, assigning as error:

{¶13} "I. THE TRIAL COURT ERRED WHEN IT DID NOT CORRECT THE SENTENCING ORDER TO SPEAK THE TRUTH.

{¶14} "II. THE COURT LACKED JURISDICTION OR IN THE ALTERNATIVE ABUSED ITS DISCRETION WHEN A JUDGE NOT ASSIGNED TO THE CASE ENTERTAINED A MOTION AND ISSUED A JUDGMENT ENTRY WITHOUT

REASONS BY THE PRESIDING JUDGE OF THE STARK COUNTY COURTS OF COMMON PLEAS.

{¶15} "III. THE TRIAL COURT ERRED WHEN IT ADDRESSED THE APPELLANT'S MOTION CONCERNING THE FACTS WITH THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT IN THE UNITED STATES CONSTITUTION."

I

{¶16} As a general rule, issues raised in a prior appeal or which could have been raised in a previous appeal are barred by law of the case doctrine. However, a void judgment cannot act to bar subsequent litigation since the trial court lacked jurisdiction to issue the erroneous judgment entry. *State v. Simpkins* 117 Ohio St.3d 420, 2008-Ohio-1197.

{¶17} The trial court's February 1, 1999 Change of Plea and Sentencing Judgment Entry states,

{¶18} "The Court has further notified the defendant that post release control is mandatory in this case *up to a maximum of 5 years*, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control." (Emphasis added.)

{¶19} In *State v. Green* Stark App. No. 2010CA000198, 2011-Ohio-1636, this Court addressed the issue of whether "up to" language as found in Appellant's sentencing entry is sufficient for a trial court to properly impose post release control:

**{¶20}** "Appellant claims the trial court erred in denying his motion to correct a void sentence and request for resentencing. We agree.

**{¶21}** "'In 1996, the General Assembly imposed a duty on trial courts to notify an offender at the sentencing hearing of the imposition of post release control and of the authority of the parole board to impose a prison term for a violation; the General Assembly also required that a court include any post release-control sanctions in its sentencing entry. See former R.C. 2929.14(F) and former R.C. 2929.19(B)(3)(b) through (d) and (B)(4), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7470, 7486–7487.' *State v. Singleton,* 124 Ohio St.3d 173, 920 N.E.2d 958, 2009–Ohio–6434, ¶ 22.

**{¶22}** "The *Singleton* court at paragraph one of the syllabus held, '[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post release control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio.' Appellant sub judice was sentenced on November 8, 2000.

**{¶23}** "In his motion to correct a void sentence and request for resentencing filed June 16, 2010, appellant argued during his sentencing, the trial court erred in imposing post release control because he was informed postrelease control was mandatory 'up to a maximum of 5 years' when in fact five years was the mandatory time:

**{¶24}** "'The trial court in defendant's sentencing entry only journalized the post release control period for 'maybe the Maximum term of five years.' (sic) on page (2) of the sentencing entry. As required by R.C. 2967.28 the period for a first degree felony is the maximum of five mandatory years, the notice given by the trial court indicates that defendant can and would be given post release control by the parole board for any

period of 1, 2, 3 or 5 years of post release control which is contrary to law and therefore void in this case.'

**{¶25}** "In the trial court's judgment entry on sentencing filed November 8, 2000, post release control was imposed as follows:

**{¶26}** "'The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of 5 years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.'

**{¶27}** "***

**{¶28}** "There is no doubt that appellant was notified of mandatory post release control and assented to it. However, appellant argues his sentence is void because he was not informed that the mandatory term was five years as opposed to 'up to' five years. R.C. 2967.28(B)(1). We agree with appellant's argument. The trial court failed to satisfy 'our existing precedent—that it notify the offender of the mandatory nature of the term of post release control and the length of that mandatory term and incorporate that notification into its entry.' *State v. Bloomer,* 122 Ohio St.3d 200, 909 N.E.2d 1254, 2009–Ohio–2462, ¶ 69. [Footnote omitted.] As such, appellant's sentence is void. See, *State v. Jordan,* 104 Ohio St.3d 21, 817 N.E.2d 864, 2004–Ohio–6085; *State v. Bezak,* 114 Ohio St.3d 94, 868 N.E.2d 961, 2007–Ohio–3250; *State v. Simpkins,* 117 Ohio St.3d 420, 884 N.E.2d 568, 2008–Ohio–1197.

**{¶29}** "Upon review, we find the trial court erred in denying appellant's motion to correct a void sentence and request for resentencing. Appellant is entitled to a de novo sentencing hearing as mandated in *Singleton,* supra. We note the new sentencing hearing 'is limited to proper imposition of post release control.' *State v. Fischer,* 128 Ohio St.3d 92, 942 N.E.2d 332, 2010–Ohio–6238, paragraph two of the syllabus."

**{¶30}** Other appellate districts similarly have found using "up to" language when imposing post-release control is error—and renders the post-release control portion of the sentence void—where mandatory post-release control for a specific number of years is required. *State v. Adkins* 2011 Ohio 2819, 2nd District. See, e.g., *State v. Bregen,* Clermont App. No.2010–06–039, 2011–Ohio–1872, ¶ 25; *State v. Jones,* Wayne App. No. 10 CA 0022, 2011–Ohio–1450, ¶ 11–13; *State v. Gaut,* Trumbull App. No.2010–T–0059, 2011–Ohio–1300, ¶ 20–24; *State ex rel. Hazel v. Bender,* Franklin App. No. 10AP–435, 2011–Ohio–1027, ¶ 5; *State v. Cottrill,* Pickaway App. No. 10 CA 38, 2011–Ohio–2122, ¶ 9; *State v. Green,* Stark App. No.2010 CA 00198, 2011–Ohio–1636, ¶ 16; *State v. Jones,* Cuyahoga App. No. 94216, 2010–Ohio–4136, ¶ 4–5.

**{¶31}** Accordingly, we find that portion of Appellant's February 1, 1999 sentence imposing a period of post release control "up to five years" void, and the matter is remanded to the trial court for a new sentencing hearing limited to the imposition of post release control in accordance with the law and this Opinion.

**{¶32}** Appellant's first assignment of error is sustained.

II & III

**{¶33}** In light of our disposition of Appellant's first assignment of error, we find any discussion of these two remaining assignments of error to be premature.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
ERIC TUCKER                            :
                                       :
    Defendant-Appellant            :          Case No. 2011CA00084


For the reason stated in our accompanying Opinion, the March 16, 2011 Judgment Entry of the Stark County Court of Common Pleas is reversed, and the matter remanded to the trial court for the limited purpose of imposing post-release control in accordance with the law and our Opinion.  Costs waived.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER