[Cite as *State v. Ball*, 2013-Ohio-3443.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13-CA-17 |
| DONTAE BALL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County Court of Common Pleas, Case No. 12CR00554

JUDGMENT:     Affirmed in part; Reversed in part; and remanded

DATE OF JUDGMENT ENTRY:     August 1, 2013

APPEARANCES:

For Plaintiff-Appellee

KENNETH OSWALT
CHRISTOPHER REAMER
20 S. Second Street
Newark, OH 43055

For Defendant-Appellant

ANDREW SANDERSON
KRISTIN SCHOECK
73 N. Sixth Street
Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellant Dontae Ball ["Ball"] appeals from a February 26, 2013 Judgment Entry of the Licking County Court of Common Pleas imposing sentence that included an additional four-year prison sentence for violation of post-release control.

*Facts and Procedural History*

{¶2} On October 21, 1999, Ball was sentenced to a thirteen-year prison term in Franklin County Common Pleas Case 98 CR 2033. Ball was sentenced for Aggravated Robbery, a felony of the first degree and a consecutive three-year weapons specification. *Id.* The trial court's sentencing language in 98 CR 2033 related to post-release control stated in pertinent part, "After imposition of sentence the Court notified the Defendant orally and in writing .... [of] the applicable periods of post-release control..." Ball's conviction and sentence was affirmed. *State v. Ball,* Ohio App. 10 Dist. Franklin No. 99-AP-1288, 2000 WL 1357928(Sept. 21, 2000).

{¶3} Ball was released from the Ohio Department of Corrections on December 24, 2011, and placed on five years of post-release control.

{¶4} On October 19, 2012, Ball was indicted in the case at bar on three counts of felony trafficking in drugs, one count of felony possession of drugs and a misdemeanor offense of possession of drug paraphernalia. Forfeiture specifications accompanied the felony counts.

{¶5} On February 11, 2012, Ball filed a pleading titled, "Defendant's motion to dismiss post-release control sanctions." That pleading acknowledged that upon Ball's release from prison on December 24, 2011, the Adult Parole Authority had placed Ball on post-release control that included "several restraints on his freedom." On February

13, 2013, Ball filed a supplement to his motion that included a certified copy of Ball's sentencing entry in the Franklin County case.

{¶6}    Ball appeared before the trial court on February 26, 2013, and entered pleas of guilty to the charges and specifications contained in the indictment. After objections by the defense and arguments of counsel, the trial court imposed an aggregate sentence of six and a half years on the charges. This sentence included four years of imprisonment imposed as a collateral sanction for Ball's violation of "post-release control."

*Assignments of Error*

{¶7}    Ball raises two assignments of error,

{¶8}    "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT HEREIN.

{¶9}    "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A FOUR YEAR TERM OF IMPRISONMENT AS A COLLATERAL SANCTION HEREIN."

I.

{¶10} In his first assignment of error, Ball argues that the part of his sentence that imposed post-release control was void because the Franklin County Court of Common Pleas had failed to adequately notify him in its 1999 judgment entry of sentencing concerning post release control. Therefore, Ball contends that the imposition of a prison sentence for violation of post release control in the case at bar was error.

**{¶11}** At the time of sentencing in 1999, R.C. 2929.19, the statutory subsection expressly prescribing what a trial court must do at a sentencing hearing, provided, in relevant part:

(c)  Subject to division (B)(4) of this section, if the offender is being sentenced for a felony of the first degree, for a felony of the second degree, for a felony sex offense, as defined in section 2967.28 of the Revised Code, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person, notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code will be imposed following the offender's release from prison;

(d) Subject to division (B)(4) of this section, if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section, notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code may be imposed following the offender's release from prison;

(e) Notify the offender that, if a period of post-release control is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates a post-release control sanction imposed as a component of the post-release control including the mandatory condition described in division (A) of section 2967.121 of the Revised Code, all of the following apply:

(i) The adult parole authority or the parole board may impose a more restrictive post-release control sanction.

(ii) The parole board may increase the duration of the post-release control subject to a specified maximum.

(iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.

(iv) If the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the court may impose a prison term, subject to a specified maximum, for the violation.

**{¶12}** In 1999, R.C. 2967.28 Post Release Control provided in relevant part,

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period

of post-release control required by this division for an offender shall be of one of the following periods:

> (1) For a felony of the first degree or for a felony sex offense, five years;

> (2) For a felony of the second degree that is not a felony sex offense, three years;

> (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.

{¶13} Ball's 1999 conviction was aggravated robbery, a first-degree felony. Neither party included a transcript of the 1999 Franklin County sentencing hearing in the record before the trial court. When an appeal is filed in this court without a transcript, we generally presume the regularity of that proceeding and affirm. *State ex rel. Hoag v. Lucas Cty. Bd. of Elections*, 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, *citing Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 39, 671 N.E.2d 1(1996); State *ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. Similarly, without the benefit of the transcript of the 1999 sentencing hearing before the Franklin County Court of Common Pleas, the trial court in the case at bar had nothing to pass upon and thus, as to whether Ball was properly notified orally of his post release control obligation, the Licking County Court of Common Pleas had no choice but to presume the validity of the Franklin County Court of Common Pleas proceedings. *Crane v. Perry Cty. Bd. of Elections*, 107 Ohio St.3d

287, 2005-Ohio-6509, 839 N.E.2d 14, ¶ 37, *citing Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384(1980).

{¶14}  However, in the 1999 Franklin County sentencing entry, the only mention of post release control was

> After the imposition of sentence, the Court notified the Defendant orally and in writing of the possibility of "Bad Time" pursuant to R.C. 2929.19(B)(3)(b) and the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e).

{¶15}  In *State v. Qualls*, Qualls was notified at his 2002 sentencing hearing of his five years of post release control. 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718(2012), ¶¶3; 10. However, that notification was inadvertently omitted from the 2002 sentencing entry. Id., 967 N.E.2d 718.

{¶16}  When Qualls filed a motion in 2010 regarding post release control, the state realized the omission in the sentencing entry. Id. at ¶4, 967 N.E.2d 718. The state asked the trial court to issue a nunc pro tunc entry correcting the omission by adding the notification of post-release control.  Id., 967 N.E.2d 718.

{¶17}  Qualls argued in response that because the 2002 sentencing entry did not contain notice of post-release control, his sentence was void and he was entitled to a de novo sentencing hearing. Id. at ¶ 5, 967 N.E.2d 718. The trial court issued a nunc pro tunc sentencing entry adding the post release control notification. The trial court reasoned that because Qualls admitted he had been orally advised that he was subject to post release control at his 2002 sentencing hearing, he was not entitled to a new sentencing hearing. Id. at ¶6, 967 N.E.2d 718. The Fourth District Court of appeals

affirmed but certified its decision to the Ohio Supreme Court as being in conflict with a decision from the Sixth District. The issue presented to the Supreme Court was, ""If a defendant is notified about post-release control at the sentencing hearing, but that notification is inadvertently omitted from the sentencing entry, can that omission be corrected with a nunc pro tunc entry?" *Id.* at ¶ 9, 967 N.E.2d 718.

**{¶18}** In addressing this issue, the Supreme Court in *Qualls* noted,

For purposes of addressing the certified issue, we recognize two important principles that our post-release-control precedents have emphasized. One principle is that unless a sentencing entry that did not include notification of the imposition of post-release control *is corrected before the defendant completed the prison term for the offense for which post-release control was to be imposed,* post-release control cannot be imposed. *Hernandez,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 28–30; *compare Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 48–51 (when a sentencing entry made some reference to post-release control, any deficiencies in the entry could have been raised on appeal, and post-release control can be imposed upon the defendant's release from prison). (Emphasis added).

*Qualls,* 131 Ohio St.3d at ¶16, 967 N.E.2d 718.

**{¶19}** The second principle the *Qualls* Court found important is that "a trial court must provide statutorily compliant notification to a defendant regarding post-release control at the time of sentencing, including notifying the defendant of the details of the

post-release control and the consequences of violating post-release control." *Qualls,* 131 Ohio St.3d at ¶ 18, 959 N.E.2d 532.

**{¶20}** The Ohio Supreme Court held in *Qualls,*

When a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing.

Id. at syllabus.

**{¶21}** In reaching this decision, the Court noted,

But, when the notification of post-release control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, *as long as the correction is accomplished prior to the defendant's completion of his prison term.* (Emphasis added).

*Qualls,* 131 Ohio St.3d at ¶24, 967 N.E.2d 718. *See, State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶27 ("When a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 292919(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing").

**{¶22}** In *Qualls,* the trial court failed to include any reference to post-release control in its sentencing entry. In the case at bar, the Franklin County Court of Common Pleas specifically referred to post release control and the applicable statutory section in its sentencing entry.

**{¶23}** Of relevance to this appeal, the Tenth District Franklin County Court of Appeals has construed the language contained in Ball's 1999 judgment entry, "After the imposition of sentence, the Court notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." *State v. Darks*, 10th Dist.  Franklin No. 12AP-578, 2013-Ohio-578, ¶3. In *Darks* the Court found,

> Appellant also contends that the post-release control portion of his sentence is void because post-release control was not properly incorporated into the sentencing entry. We disagree. This court has concluded, in rejecting similar arguments, that post-release control may be properly imposed when such "applicable periods" language in the trial court's sentencing entry is combined with other written or oral notification of the imposition of post-release control. *State v. Myers,* 10th Dist. No. 11AP–909, 2012–Ohio 2733, ¶ 11; *State v. Townsend,* 10th Dist. No. 10AP–983, 2011–Ohio–5056, ¶ 7–14 (analyzing cases from this court that have considered notifications with sentencing entries that contain "applicable periods" language); *State v. Holloman,* 10th Dist. No. 11AP– 454, 2011–Ohio–6138, ¶ 11. We have also recognized that, "where a sentencing entry incorporates post-release control as part of the sentence,

claims that such language was 'inartfully phrased' are non-jurisdictional and concern, at most, voidable error that should be raised on direct appeal." *Surella v. Ohio Adult Parole Auth.,* 10th Dist. No. 11AP–499, 2011– Ohio– 6833, ¶ 23.

Appellant also argues that the sentencing entry was deficient because it does not recite the consequences of violating post-release control as stated by the trial court at the sentencing hearing. However, the entry specifically states that appellant was notified of post-release control, pursuant to R.C. 2929.19(B)(3)(e), which sets forth the consequences of violating post-release control. Regardless, appellant cites no authority— and we find none—for the proposition that post-release control is void where the sentencing entry does not contain a verbatim recitation notifying appellant of the consequences of violating post-release control. *See State v. Dedonno,* 8th Dist. No. 94732, 2010–Ohio–6361, ¶ 12 ("no court has held the failure to state in the journal entry the consequences of violating postrelease control results in a void sentence").

*Darks,* ¶¶ 12, 13. This Court has taken a similar position. In *State v. Tucker,* 5th Dist. Stark No. 2007CA00306, 2008-Ohio-1067, the appellant argued that the trial court had failed to advise him at his 1999 sentencing hearing of mandatory post release control. Id. at ¶14. The trial court did provide written post release control notification in its sentencing entry. Id. at ¶17. This Court held,

The trial court in the case sub judice, via the combination of its December 1998 plea hearing and January 1999 sentencing hearing

colloquies, substantially complied with the statutory requirement to notify appellant of his PRC obligation and did not deprive appellant of due process.

Id. at ¶30.

**{¶24}** In *State v. Murray,* 6th Dist. No. L–10–1059, 2012–Ohio–4996, ¶ 24, 979 N.E.2d 831, the Sixth District stated that a simple reference to the applicable statutes is sufficient to give an offender the required notice that the court authorized a post release control sanction. In that case, because the appellant failed to file a transcript of the sentencing hearing, the court found the appellant was properly notified of post release control at sentencing. *Id.* at ¶ 25. The court then found that the sentencing judgment entry containing the language "Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28" was sufficient to advise the appellant of the post release control sanction. *Id.* at ¶ 25.

**{¶25}** Applying the foregoing, we find the language in Ball's 1999 sentencing entry, combined with the presumption of regularity with which we must accord the oral notification at Ball's sentencing hearing, was sufficient to give appellant notice of the post release control sanction. Therefore, the trial court in the present case did not err when it imposed a sanction for Ball's violation of his post release-control condition imposed in the prior criminal action.

**{¶26}** Ball's first assignment of error is overruled.

II.

**{¶27}** In his second assignment of error, Ball argues that the imposition of a four-year prison sentence for violating post release control was error.

**{¶28}** In the case at bar, the trial court referred to the Ohio Department of Corrections to establish that Ball was released from prison in the Franklin County case on December 24, 2011. (T. Feb. 26, 2013 at 22). No objection was made to the trial court's reference to the Ohio Department of Corrections material. No objection was made that the date of Ball's release was inaccurate.

**{¶29}** The party's agree that R.C. 2929.141 governs a prison term for a defendant's violation of post release control. That statute provides, "The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony."

**{¶30}** In the case at bar, the trial court imposed a four-year period of incarceration for the post release control violation. (T. Feb. 26, 2013 at 23). The party's agree that this was in error because the trial court did not account for the time that Ball had spent under post release control.

**{¶31}** Accordingly, Ball's second assignment of error is sustained and this case is remanded to the trial court to determine the correct amount of time that Ball had spent under post-release control. The trial court will then reduce the sentence imposed for Ball's violation of post release control in accordance with R.C.2929.191(A)(1).

**{¶32}** For the forgoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN

WSG:clw 0725

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DONTAE BALL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13-CA-17 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded for proceedings in accordance with our opinion and the law. Costs divided equally between the parties.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN